**STATE of Maine**

v.

**Charles CRAFTS.**

Supreme Judicial Court of Maine.

Argued Nov. 3, 1980.

Feb. 9, 1981.

David Crook, Dist. Atty., Paul D. Mathews, Deputy Dist. Atty., Susan B. Cole (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Levey & Wessler, P. A., Stephen L. Wessler (orally), Winthrop, for defendant.

Before McKUSICK, C. J., WERNICK, GODFREY and GLASSMAN, JJ., and DuFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.

In the Superior Court, Kennebec County, Charles Crafts was convicted by jury of burglary, 17–A M.R.S.A. § 401, a class B crime, and of criminal attempt to commit theft, 17–A M.R.S.A. § 152, a class E crime. On appeal from the ensuing judgments, Crafts alleges reversible error in the Superior Court's denial of his trial counsel's motion to withdraw, which in effect deprived him, so he claims, of the exercise of his statutory and constitutional right of self-representation. We disagree. There was no error below and we affirm the judgments.

The appellant was indicted for the reference offenses on September 6, 1978. The trial discloses that on Friday evening, August 18, 1978, in response to a radio message, officers of the Monmouth Police Department, as well as other law enforcement personnel, converged upon the Norris dwelling place on Route 135 in East Monmouth to investigate what was going on at the house. On arrival, they saw a yellow van, with side doors open, containing woodstoves, trunks, pictures and other things, plus other trunks, books and antique furniture on the lawn. No one was to be found, however, in the area or in the house, the doors of which were wide open.

Although a warrant for Crafts' arrest issued on September 6, 1978, the appellant was not arrested until December 19, 1979, when he was returned to Maine from the Commonwealth of Massachusetts. Crafts' counsel sought without success postponement of trial beyond January 30, 1980; indeed, the Court denied his motion on January 22, 1980. On the morning of trial, before the impaneling of a jury, the appellant's retained counsel informed the Court that his client wished him to withdraw from the case. In direct colloquy with the Court, Crafts explained that his counsel had communicated to him the prosecution's offer of an eighteen months sentence in return for his plea of guilty to the charges, but that he had no desire to plead guilty. He said he did not feel confident in going to court with an attorney who already felt that he was guilty. Following the Justice's explanation that an attorney is duty bound to communicate to his client the prosecution's tendered offers, if any, looking towards a negotiated plea, Crafts indicated that he did not feel that there had been adequate preparation for trial, although he did not mean by such remark to show disrespect for his attorney, who, so far as he knew, was a good man and probably a fine lawyer.

Upon the Court's suggestion that the appellant and his attorney resolve between themselves how the trial which was about to take place would be conducted and, if there were to be a request for withdrawal, that a formal motion should be filed, Crafts' counsel after consultation with his client

did file a motion for leave to withdraw on the ground that his client did not feel that he had any confidence in him. In his denial of the motion, the presiding Justice noted that a motion for continuance had been denied just one week earlier, that no other attorney was entering an appearance on behalf of the appellant, and that the State would be prejudiced by any further delay, since one of the State's stand-by witnesses came from North Carolina.

Thereafter, upon trial counsel's stated readiness to proceed to trial and without further objection by Crafts, the case was tried to the jury. The State presented eight witnesses, all of whom were subjected to cross-examination by Crafts' trial attorney. The appellant did not testify, nor did he present any evidence. His attorney, on motion for acquittal, succeeded in having the charge of attempted class D theft reduced to one of attempted class E theft. He argued the case to the jury.

■ It is clear that a criminal defendant has a constitutional right, federal and state, to conduct his own defense and act as his own attorney without the assistance of legal counsel, provided he voluntarily and intelligently elects to do so. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).[1] The State may not force a lawyer upon a defendant who properly asserts the right to proceed pro se. In Maine, this right is also implemented by statute.[2] *See Westberry v. State*, Me., 254 A.2d 44 (1969).

■ Because a decision to defend pro se may jeopardize a criminal defendant's chances of receiving an effective defense, and because a self-represented defendant cannot complain on appeal that his own self-defense amounted to a denial of his constitutional right to effective assistance of counsel, courts must insist that the demand to exercise one's right of self-repre-

sentation be stated clearly and unequivocally. *State v. Stinson*, Me., 424 A.2d 327 (1981); *State v. Fritz*, 21 Wash.App. 354, 585 P.2d 173, 177 (1978); *Chapman v. United States*, 5th Cir., 553 F.2d 886, 892 (1977).

■ In the instant case, the appellant did not cause his appearance to be entered pro se; if he had, this would have been, at least prima facie, an indication that he desired to conduct his own defense. Nor, did he convey to the presiding Justice a clear and unequivocal demand that he be permitted to proceed without counsel, or expressly articulate and assert his right of self-representation. True, he stated his displeasure with his attorney for the latter's participation in the State's proffered tender of a possible plea agreement, characterizing his feeling as one of loss of confidence in an attorney who so communicates with the opposition. He further indicated, as stated previously, that he did not feel there had been adequate preparation for trial.

In these respects, the facts of this case closely typify the situation presented in *State v. Stinson, supra*, which we hold must control. Absent the required unequivocal assertion of his right of self-representation, the presiding Justice was not clearly wrong in interpreting the appellant's comments as a mere desire for a change of counsel and a possible delay of the trial. It was reasonable to conclude that, once Crafts realized that such relief was not forthcoming, he was satisfied to have his retained counsel proceed with his defense, as his failure to assert any further objection thereafter would indicate.

The entry will be:

Appeal denied.

Judgments of conviction affirmed.

All concurring.

---

1. *Article I, Constitution of Maine*

    *Section 6.* In all criminal prosecutions, the accused shall have a right to be heard by himself and his counsel, *or either*, at his election; . . . .

2. 4 M.R.S.A. § 860. *Management of causes by parties or counsel*

    Parties may plead and manage their own causes in court or do so by the aid of such counsel as they see fit to employ. . . .