STATE of Maine

v.

Brian D. WALLS.

Supreme Judicial Court of Maine.

Argued Sept. 11, 1985.

Decided Dec. 4, 1985.

Michael Povich, Dist. Atty., Edward J. McSweeney, III (orally) Asst. Dist. Atty. Ellsworth, for plaintiff.

Stern, Goldsmith & Billings, J. Hilary Billings (orally), Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

Brian D. Walls appeals from a judgment entered in the Superior Court (Hancock County) convicting him of Arson, 17–A M.R.S.A. § 802 (1981), and Conspiracy to Commit Arson, 17–A M.R.S.A. § 151 (1981). On appeal, the defendant asserts that he was unconstitutionally denied the right to counsel because he did not knowingly and intelligently waive that right and did not clearly and unequivocally demand self-representation.

Because we conclude that this record supports the court's finding of effective waiver, we affirm the conviction.

## I.

The defendant was indicted on December 9, 1981. On May 3, 1983, pursuant to 15 M.R.S.A. § 101 (1983), his retained counsel filed a request, which was later granted, for a mental examination.

On March 1, 1984, counsel filed a motion to withdraw on the ground that the defendant desired to defend himself. He also filed a motion to continue because the mental examination had not been completed. The court did not then rule on the motion to withdraw but did deny the requested continuance. When questioned by the presiding justice about his counsel's motion to withdraw, the defendant responded that he wanted court-appointed counsel.

On April 9, 1984, the court granted the motion to withdraw. The defendant made statements alternately asserting his desire to secure retained counsel "if [he] could find one [he] could trust" and his wish to represent himself. When the presiding justice informed the defendant of the nature of the offenses charged and their maximum penalties, he replied that he understood. The justice then questioned him about his schooling in the law and he answered that he had been reading books. At one point the defendant stated that he had "just [come] from" the Veteran's Administration Hospital in Togus where he had been "rated competent." He also gave what could be considered some mildly inappropriate responses to other inquiries from the court. In answer to the justice's final inquiry whether he wanted an attorney, the defendant answered, "No, Your Honor, I'd rather represent myself, I guess." Although brought to its attention, the court did not resolve the issue of the uncompleted mental examination.

The trial of the defendant and a co-defendant commenced on April 23, 1984. On the morning of the trial, the court noted that with the defendant's consent, his former attorney had been appointed in an advisory capacity. When brought to his attention by advisory counsel, the justice stated his understanding that the defendant "wish[ed] to pursue further examination of a psychiatric nature." The defendant replied "I think once is enough, Your Honor." The court then treated the motion for mental examination as waived and the trial proceeded. The defendant made a short opening statement and briefly, but coherently, cross-examined one of the State's witnesses after cross-examination by counsel for his co-defendant. He later joined in a motion for judgment of acquittal. The jury returned a verdict finding the defendant guilty on both counts, but acquitting his co-defendant.

## II.

■ Both the United States Constitution and the Constitution of Maine confer upon a defendant in a criminal case the right to represent himself, provided he voluntarily and intelligently elects to do so. U.S. Const.amend. VI; Me.Const. art. I, § 6; *Faretta v. California,* 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *State v. Crafts,* 425 A.2d 194, 196 (Me. 1981). Before allowing a defendant to exercise his sixth amendment right to self-representation, a court must find that he has knowingly and intelligently waived his right to counsel. *See Faretta v. California,* 422 U.S. at 836, 95 S.Ct. at 2541; *State v. Imus,* 37 Wash.App. 170, 173, 679 P.2d 376, 378 (1984).[1]

■ An accused is entitled to proceed without counsel so long as he is made aware of the dangers of self-representation, and the record reflects that " 'he knows what he is doing and his choice is made with eyes open.' " *Faretta v. California,* 422 U.S. at 835, 95 S.Ct. at 2541, (quoting *Adams v. United States ex rel. McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942)).

■ Whether an accused has properly waived his right to counsel must be determined by the trial court based on the particular facts and circumstances of each case. *See Johnson v. Zerbst,* 304 U.S. at 464–65, 58 S.Ct. at 1023; *see also Rastrom v. Robbins,* 319 F.Supp. 1090, 1091, 1095 n. 3 (D.Me.1970), *aff'd,* 440 F.2d 1251 (1st Cir.), *cert. denied,* 404 U.S. 863, 92 S.Ct. 53, 30 L.Ed.2d 107 (1971). Here, the court below did not expressly find such a waiver but did allow the defendant to represent himself. In these circumstances, we review the record in the light most favorable to the court's ruling to determine whether the record will support a finding of a knowing and intelligent waiver. *See State v. Valentine,* 443 A.2d 573, 577 (Me.1982).

■ After careful analysis, we conclude that the record supports a finding of a knowing and intelligent waiver of the right to counsel. The defendant argues that his mental competence at the time of trial affected his ability to waive counsel. We have recently recognized that whether a particular defendant is capable of a knowing waiver of constitutional rights is a difficult question, but one that is left largely to the trial court's discretion. *State v. Knights,* 482 A.2d at 442. Throughout the colloquy between Walls and the presiding justice who granted counsel's motion to withdraw on April 2, 1984, the justice had ample opportunity to observe the defendant's appearance, demeanor and manner of responding to questions. *Cf. State v. Ledger,* 444 A.2d 404, 419 (Me.1982) (trial court's opportunity to observe firsthand the defendant's behavior is of "primary significance" to court reviewing a finding of competency). In reply to the justice's questions, Walls answered that he fully understood the serious nature of the charges against him and was aware of his right to counsel. He articulated a rationale for electing to proceed without counsel when he expressed his general distrust of attorneys. He also informed the court that he had recently been reading books to increase his knowledge of the law. Despite what might be considered some mildly inappropriate responses to other inquiries by the court, his responses in general demonstrated an ability to understand and answer the justice's questions. We are satisfied that this record supports a finding that Walls was made aware of the dangers of waiving his right to the assistance of counsel, that he knew what he was doing, and that his choice was made "with eyes open."

■ The defendant further argues that he did not clearly and unequivocally demand the right to represent himself. He asserts that the record must show such a

---

1. *Faretta v. California,* 422 U.S. at 836, 95 S.Ct. at 2541, adopted the definition of "waiver" set forth in *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938): "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *See also State v. Knights,* 482 A.2d 436, 440 (Me.1984).

demand before a defendant can be found to have waived counsel, relying upon our decisions in *State v. Stinson*, 424 A.2d 327 (Me.1981), and *State v. Crafts*, 425 A.2d 194 (Me.1981). We disagree. Those cases do not require that a defendant clearly and unequivocally demand to represent himself before a trial court can find that he has made a knowing and intelligent waiver of counsel. The defendants in *Stinson* and *Crafts* were asserting their right to proceed without counsel, whereas Walls contends that his right to counsel was infringed when the trial justice allowed him to represent himself.

The trial justice must walk a fine line when determining whether to grant a defendant's request to exercise his right to self-representation because of the need to protect simultaneously his right to counsel. *See State v. Imus*, 37 Wash.App. at 179, 679 P.2d at 382 (defendant's request for self-representation a " 'heads I win, tails you lose' " proposition for a trial court); *see also McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (a defendant's sixth amendment right to conduct his own defense reaffirmed, but not violated by limited participation of standby counsel). Indeed, the requirement that the demand to proceed *pro se* be clearly stated in order for a defendant to exercise that right exists because of the conflict between a defendant's rights to counsel and to self-representation. *State v. Imus*, 37 Wash. App. at 179, 679 P.2d at 382. However, where as here a defendant on appeal contends that his right to counsel has been denied, any inquiry concerning a clear and unequivocal demand to represent himself is only relevant to the issue whether he has knowingly and intelligently waived the right to the assistance of counsel. Although Walls's final demand to represent himself might be viewed as equivocal, it does furnish additional support to the trial

court's implicit finding that he had indeed waived his right to counsel.

 The defendant, however, is not precluded from seeking post-conviction review pursuant to 15 M.R.S.A. §§ 2121–2132 (Supp.1985–1986), a proceeding more conducive to the development of evidence that is more sharply focused on the issues raised in this appeal. *See State v. Boilard*, 359 A.2d 65, 68 (Me.1976). Particularly where the defendant's mental competence to waive counsel is raised after sentence is imposed, remedial relief, if any, must be obtained in post-conviction review proceedings.[2] *See State v. Boone*, 444 A.2d 438, 441 n. 5 (Me.1982).

The entry is:

Judgment affirmed.

All concurring.

---

2. Because counsel, on appeal, raised the defendant's mental competence only with respect to its impact on the issue whether he knowingly and intelligently waived his right to counsel, we have no occasion to address the separate issue of his competence to stand trial. *See State v. Thursby*, 223 A.2d 61 (Me.1966).