**STATE of Maine,**

v.

**Michael GOODNO.**

Supreme Judicial Court of Maine.

Argued June 6, 1986.

Decided July 10, 1986.

David W. Crook, Dist. Atty., Pamela Ames (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Michael Goodno, pro se, (orally).

Before McKUSICK, C.J., NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Michael Goodno appeals from his conviction in District Court, Waterville, of carrying a concealed weapon in violation of 25 M.R.S.A. § 2031 (1974). Goodno challenges, *inter alia,* the denial of his motion to suppress evidence, the denial of counsel of choice, the legality of the sentence imposed, and the constitutionality of the statute. Because none of his contentions have merit, we affirm the judgment.

On October 3, 1984 Goodno was arrested on a District Court warrant for failure to appear to answer a motor vehicle charge. Goodno was arrested at a Mister Donut shop by two police officers who knew him by sight. He was not searched at Mister Donut but was transported to the Waterville Police Department. At the police department he was searched, and the police found a .25 caliber handgun concealed in the pocket of his leather jacket. Goodno did not have a permit to carry any such concealed weapon. Apparently Goodno was given no *Miranda* warnings at the time of his arrest.

Goodno sought to suppress the handgun as evidence on the ground that the warrant for his arrest did not authorize the seizure of his property and on the ground that he was not properly advised of his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The State, of course, does not rely upon the arrest warrant to authorize the seizure of the handgun. Instead the warrant authorized the seizure of Goodno, who, once in lawful custody, was subject to search. *State v. Dubay,* 338 A.2d 797 (Me.

1975). The seizure of Goodno's gun was the lawful result of that lawful search. The presence or absence of proper *Miranda* warnings is irrelevant because no statement by Goodno was offered in evidence.

■ At various stages of his prosecution, Goodno claimed the right to "counsel of choice." This right, he asserts, is not limited to representation by persons admitted to the Bar, but includes a right to "lay consultation," a right to consult another person of his choosing during the course of trial. We have previously stated that the right to counsel does not include unfettered freedom to change attorneys or to interfere with the orderly administration of justice. *State v. Ayers*, 464 A.2d 963, 966 (Me. 1983). Goodno cites no contrary authority, and we conclude that the court's refusal to permit "lay consultation" was well within its discretion.

■ In a similar vein, Goodno argues that the imposition of a five-day jail sentence was illegal under *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), because he was unrepresented by counsel. We disagree for two reasons. First, the federal constitutional right to legal counsel can be, and on this record clearly was, waived. *See, e.g., Bute v. Illinois*, 333 U.S. 640, 675, 68 S.Ct. 763, 781, 92 L.Ed. 986 (1948). Second, the right of self representation clearly was asserted. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). *See also State v. Walls*, 501 A.2d 803, 805–06 (Me. 1985) (trial court must recognize both defendant's right to counsel and right to self-representation).

■ Finally, Goodno contends that section 2031 violates the right to bear arms guaranteed by the second amendment to the United States Constitution. We reject Goodno's federal constitutional challenge because the second amendment does not limit the authority of our Legislature. The amendment operates to restrict the power of Congress only. *Presser v. Illinois*, 116 U.S. 252, 265, 6 S.Ct. 580, 584, 29 L.Ed. 615 (1886); *State v. Friel*, 508 A.2d 123, 125 (Me.1986).

Any other issues raised by Goodno either were not preserved in the trial court or are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.