**STATE of Maine**

v.

**Frederick TOMAH.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 14, 1989.

Decided July 14, 1989.

Neale T. Adams, Dist. Atty., Caribou, for plaintiff.

Sarah J. McPartland, Mitchell & Stearns, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Defendant Frederick Tomah appeals his conviction on one count of burglary, 17–A M.R.S.A. § 401 (1983 & Supp.1988) and one count of theft, 17–A M.R.S.A. § 353 (1983) entered in the Superior Court (Aroostook County; *Pierson, J.*). Defendant represented himself during the jury trial and now on appeal argues through counsel that he did not knowingly and voluntarily waive his right to counsel. We agree and we vacate the judgment.

Both the United States Constitution and the Constitution of Maine guarantee an accused the right to counsel in a criminal proceeding. U.S. Const. amend. VI; Me.Const. art. 1 § 6. An accused also has a constitutional right to proceed without counsel so long as he is made aware of the dangers of self-representation, and the record reflects that he knows what he is doing and makes his choice with his eyes open. *State v. Walls*, 501 A.2d 803, 805 (Me.1985). In Maine the implementing statute and rule require that the court fully advise the defendant of his rights at arraignment and appoint counsel unless the defendant elects to proceed without counsel or the court finds that he has sufficient means to employ counsel. *See* 15 M.R.S.A. § 810 (1980); M.R.Crim.P. 44. When, as in the present case, the trial court permits a defendant to represent himself without an express finding of waiver, we review the trial court's decision "in the light most favorable to the court's ruling to determine whether the record will support a finding of a knowing and intelligent waiver." *State v. Walls*, 501 A.2d at 805. The record in the present case contains only the following exchange between the justice and defendant with regard to representation:

COURT: This is the case of State of Maine versus Frederick Tomah, Docket

Number CR–87–87. Mr. Tomah, do you have an attorney.

MR. TOMAH: No, I don't.

COURT: Are you representing yourself.

MR. TOMAH: No, I'm going to get an attorney.

COURT: Are you requesting a Court appointed attorney?

MR. TOMAH: I may.

COURT: Well, think about it. Either hire one or I will appoint one.

RECESS

COURT: Mr. Tomah, what are you going to do?

MR. TOMAH: I'm going to represent myself.

COURT: How do you plead to the charge of burglary?

MR. TOMAH: Not guilty.

COURT: How do you plead to the charge of theft?

MR. TOMAH: Not guilty.

COURT: Are you requesting a jury trial?

MR. TOMAH: Yes, Your Honor.

COURT: You have twenty days to file motions. Bail has been posted and will be continued.

Because waiver is dependent on the facts and circumstances of each case, it is not possible to specify the elements of an adequate basis for a finding of waiver. We have no trouble, however, in concluding that the present record is woefully inadequate to support the finding. The elements focused upon in our past decisions are totally absent here. *See State v. Walls*, 501 A.2d at 805; *State v. Gaudette*, 431 A.2d 31, 32 (Me.1981) (The record clearly showed that defendant, not indigent, "re-

ceived more than ample warning of the dangers of proceeding without counsel."); *State v. Crafts*, 425 A.2d 194, 196 (Me. 1981) ("Because a decision to defend pro se may jeopardize a criminal defendant's chances of receiving an effective defense, and because a self-represented defendant cannot complain on appeal that his own self-defense amounted to a denial of his constitutional right to effective assistance of counsel, courts must insist that the demand to exercise one's right to self-representation be stated clearly and unequivocally."); *State v. Currier*, 409 A.2d 241, 243 (Me.1979). (No error where, "after an extended colloquy between the presiding justice and the Defendant, the presiding justice was satisfied that the Defendant was voluntarily and intelligently electing to conduct his own defense.") Because it is readily apparent on the record before us, we conclude that the Superior Court abused its discretion in finding that defendant knowingly and intelligently waived his right to counsel.[1] Defendant's challenge to the sufficiency of the evidence is without merit.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**1.** The State intimates that the presiding justice was familiar with defendant and that his decision was based on information not reflected in the record. Defendant is of course entitled to a decision from this Court based upon the record presented. *See State v. Powell*, 452 A.2d 977, 978 n. 1 (Me.1982).