**Brian D. WALLS**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued Sept. 18, 1989.
Decided Jan. 8, 1990.

James E. Patterson (orally), Ellsworth, for plaintiff.

James E. Tierney, Atty. Gen., Joseph E. Wannemacher (orally), Charles K. Leadbetter, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

When we affirmed his arson and conspiracy convictions, we expressly declined to address the issue whether Brian Walls was incompetent to stand trial, *State v. Walls,* 501 A.2d 803, 806, n. 2 (Me.1985). In this post-conviction proceeding, Walls again claimed mental incompetency at the time of trial and also claimed that he was denied effective assistance of counsel before trial. The Superior Court (Hancock County, *Beaulieu, J.*) found no merit in either contention and we affirm the denial of post-conviction relief.

Walls relied on his prior history of treatment at Bangor Mental Health Institute and Togus Veterans Administration Hospital as well as his bizarre behavior allegedly demonstrated on the original trial record to establish his mental incompetency. He presented no expert testimony concerning his previous mental condition. Indeed, Walls refused to cooperate with the psychiatrist appointed by the post-conviction court to evaluate his mental condition. We conclude that evidence did not compel the post-conviction court to find Walls was incompetent at the time of trial. *See State v. Furrow,* 424 A.2d 694 (Me.1981).

As described in our opinion on his direct appeal, Walls defended himself at trial. At the post-conviction hearing he attempted to show that his appointed counsel failed to effectively represent him in the pretrial period before the lawyer's withdrawal. Here again, we conclude that the post-conviction court could correctly find that the

attorney's performance did not fall below the standard of an ordinarily fallible attorney. *See Lang v. Murch*, 438 A.2d 914 (Me.1982).

The entry is:

Judgment affirmed.

All concurring.