**Robert A. SMITH**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued March 4, 1991.

Decided March 27, 1991.

James A. McKenna (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Thomas M. Mangan (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

WATHEN, Justice.

The State of Maine, appeals the order of the Superior Court (Oxford County, *Delahanty, J.*) granting post-conviction relief to Robert A. Smith. We conclude that Smith was not deprived of the effective assistance of counsel before his conviction. Accordingly, we vacate the Superior Court's order.

Smith was indicted for aggravated assault with a dangerous weapon, Class B, 17–A M.R.S.A. § 208 (1983). While represented by appointed counsel, he entered a plea of not guilty. Later, when he grew dissatisfied, his counsel filed a motion to withdraw. The Superior Court (Oxford County, *Browne, J.*) heard and denied the motion, but permitted Smith to represent himself as long as his counsel remained on as standby counsel and advisor.

In addition to aggravated assault, Smith faced four other unrelated criminal charges: Class E theft, Class C theft, Class C trafficking in a Schedule X drug, and Class E drinking in public. Representing himself at the Class E theft trial with standby counsel, Smith received the maximum sentence of six months' imprisonment. The next day, Smith asked counsel to begin plea negotiations with the district attorney on his Class B aggravated assault charge. In a conference call involving Smith, his counsel, and the district attorney, a plea agreement was reached. At the Rule 11 hearing, the Superior Court (Oxford County, *Fritzsche, J.*) accepted Smith's change of plea to guilty and sentenced him to six years in prison.

Smith subsequently filed a petition for post-conviction relief. Following a hearing, the post-conviction justice granted the petition, concluding that the transcript of Smith's conversation with Justice Browne did not demonstrate that Smith had been made aware of the dangers of self-representation and that counsel's failure to inform Justice Browne of Smith's mental condition prevented him from adequately *determining* whether Smith had knowingly and intelligently waived his right to counsel.

■ "An accused ... has a constitutional right to proceed without counsel so long as he is made aware of the dangers of self-representation, and the record reflects that he knows what he is doing and makes his choice with his eyes open." *State v. Tomah*, 560 A.2d 575, 575 (Me.1989); *see also Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 241–42, 87 L.Ed. 268 (1942); *State v. Walls*, 501 A.2d 803, 805 (Me.1985). When Smith asserted his right to self-representation at the hearing on counsel's motion to withdraw, Justice Browne emphasized the seriousness of the charge in telling Smith he could try the case himself only if the attorney remained on as his counselor and advisor.

■ Although Smith began representing himself following the hearing, he quickly abandoned his self-representation when he asked counsel to initiate plea negotiations the day after receiving the maximum sentence for Class E theft. In so doing, Smith waived his right to self-representation until such time as he reasserted it. *See Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982); *United States v. Bennett*, 539 F.2d 45, 51 (10th Cir.1976), *cert. denied*, 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976); *United States v. Montgomery*, 529 F.2d 1404, 1406 (10th Cir.1976), *cert. denied*, 426 U.S. 908, 96 S.Ct. 2231, 48 L.Ed.2d 833 (1976); *State v. Barrett*, 577 A.2d 1167, 1172 (Me.1990). Smith invited and agreed to substantial participation by counsel throughout the plea negotiations and at the Rule 11 hearing. He acquiesced in all of the actions taken by counsel regarding his plea and never renewed his request to proceed pro se. As a result, he waived his previously asserted request to represent himself, and proceeded with the attorney as his counsel in every aspect of the aggravated assault prosecution.

■ Smith does not contend that his appointed attorney provided ineffective assistance of counsel during the plea negotiations or at the Rule 11 hearing. Any error committed earlier, either by counsel in not

fully informing Justice Browne about Smith's mental condition or by Justice Browne in allowing Smith to represent himself, did not affect the Rule 11 hearing. Thus, the post-conviction justice's conclusion that the actions of the appointed attorney and Justice Browne deprived Smith of effective assistance of counsel at the Rule 11 hearing was clearly erroneous.

The entry is:

Vacate the order of the Superior Court and remand for the entry of an order denying the petition for post-conviction relief.

All concurring.