STATE of Maine

v.

Alfred A. GALLANT, Jr.

Supreme Judicial Court of Maine.

Argued Jan. 16, 1991.*

Decided July 25, 1991.

* Gallant's sentence appeal was argued separately on March 18, 1991.

Janet T. Mills, Dist. Atty., Joseph O'Connor (orally), Asst. Dist. Atty., South Paris, for plaintiff.

Caroline J. Gardiner (orally), Norman, Hanson & DeTroy, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

ROBERTS, Justice.

Alfred A. Gallant, Jr., appeals from his convictions in the Superior Court (Oxford County, *Delahanty, C.J.*) after a jury found him guilty of attempted murder, 17–A M.R.S.A. §§ 152, 201 (1983 & Supp.1990), and aggravated assault, 17–A M.R.S.A. § 208 (1983). We affirm the convictions, rejecting Gallant's contention that the court erred by excluding evidence in support of an insanity defense. We also reject Gallant's claim that the court improperly denied him the right to proceed *pro se* at the trial.

At about noon on Saturday, September 3, 1988, Mark Merchant arrived at the Eagles Club in Rumford. After buying a beer at the bar, he went to the pool room and played a few games by himself until he was joined by another patron, Frank Richard. When the two finished playing pool, they went into another room to play darts. Defendant Gallant arrived at the Club in the early afternoon. After drinking at the bar, he headed for the men's room across from the entrance to the room where Merchant and Richard were playing darts. As Richard was pulling his darts out of the board after his round, Merchant, commenting on his opponent's round and his own prospects for winning the game, said aloud, "Well, looks like I'm dead." Merchant then noticed Gallant, whom he had never seen before, about three feet behind him. Gallant said to Merchant, "That's right," and fired one shot from a .38 calibre handgun. The bullet hit Merchant in the mouth. He was taken to Rumford Community Hospital and eventually to the Maine Medical Center. Richard detained the defendant until the police arrived.

## I.

### Defendant's Insanity Defense

Following his indictment, Gallant entered a plea of not guilty, to which he later added a plea of not criminally responsible by reason of insanity. The court (*Fritzsche, J.*) ordered the defendant examined pursuant to 15 M.R.S.A. § 101–B(1) (Supp.1990).[1] As a result of that exam, Dr. Neil MacLean of the State Forensic Service determined that defendant was competent to stand trial and was not mentally ill or suffering from a mental defect at the time of the offense. Because Gallant maintained the plea of not criminally responsible for more than 21 days after the first report was filed, the court (*Perkins, J.*) ordered defendant examined further pursuant to 15–A M.R.S.A. § 101–B(2) (Supp.1990).[2]

Gallant appeared as scheduled for the second examination, but refused to cooperate. The State filed a motion *in limine,* requesting the court to preclude defendant from raising the insanity defense at trial.

---

1. The pertinent part of 15 M.R.S.A. § 101–B(1) reads:

   The District Court or the Superior Court having jurisdiction in any criminal case for cause shown may order the defendant examined to determine the defendant's mental condition with reference to the issues of competency, criminal responsibility, abnormal condition *of mind* and any other issue involving the mental or emotional condition of the defendant.

2. The pertinent part of section 101–B(2) reads:

   The court shall order the defendant to be further examined by a psychiatrist and a clinical psychologist from the State Forensic Service if ... [t]he defendant enters or persists in a plea of not criminally responsible by reason of insanity for a period in excess of 21 days after the report in subsection 1 is filed.

After a hearing on the motion, the court (*Cole, J.*) ordered the case continued so that the second examination could be re-scheduled and ordered that, if defendant again failed to cooperate, the State's motion would be granted. Gallant appeared for the rescheduled examination and again refused to cooperate.

Before the trial began, the State filed a second motion *in limine* to enforce the order making defendant's insanity defense conditional on his cooperation during the mental examination. After hearing voir dire testimony from MacLean to assess the degree of defendant's cooperation or lack thereof, the court (*Delahanty, C.J.*) found that Gallant had not cooperated. Relying on the earlier order, the court prohibited defendant from going forward on the insanity plea and from presenting any evidence relating to the defense of insanity. The court also ruled, however, that defendant could present his own expert to rebut the State's evidence that he committed the alleged crimes with the requisite culpable state of mind. *See* 17–A M.R.S.A. § 38 (1983).

Contrary to Gallant's argument, he had no absolute right under M.R.Crim.P. 11 to present an insanity defense. Although Rule 11(a)(1) states that "[a] defendant may plead ... not criminally responsible by reason of insanity ...," and that "[t]he court may refuse to accept a plea of guilty or nolo contendere," the right to enter a plea, assuming that it exists, does not imply the right to proceed with a defense. The plea's purpose is to give notice to the court of a defendant's intent to raise the insanity defense. *See* 3 Glassman, *Maine Practice: Rules of Criminal Procedure Annotated* § 11.3, at 103 (1967) ("Maine practice has been to require the entry of such a plea in order to raise the defense"); *see also* M.R.Crim.P. 11 reporter's notes ("it has been suggested that in order to raise the defense of insanity the defendant must plead not guilty by reason of insanity"). Rule 11 establishes only that the plea is a necessary pre-condition for raising the defense, but not a sufficient condition for it.

A defendant's right to raise the insanity defense is constrained by the Legislature's directive that the defendant submit to an examination pursuant to section 101–B(2):

2. **Court order; mandatory.** The court shall order the defendant to be further examined by a psychiatrist and a clinical psychologist from the State Forensic Service if ... [t]he defendant enters or persists in a plea of not criminally responsible by reason of insanity for a period in excess of 21 days after [the initial evaluation] is filed.

The examination mandated by that section enables the court to determine whether the defense is warranted and may provide the State with evidence necessary to rebut the defense. Although neither the criminal rules nor 15 M.R.S.A. § 101–B explicitly grant authority to sanction a defendant for failure to comply with a court-ordered examination, the court may exercise discretion to impose such a sanction in the same manner that it may sanction a defendant for failure to comply with a rule 16A discovery order. *See State v. Brewer*, 505 A.2d 774, 777 & n. 3 (Me.1985). The court acted within the exercise of sound discretion in this case. *Cf. United States v. Buchbinder*, 796 F.2d 910, 914 (7th Cir. 1986) ("a district court's decision under Fed.R.Crim.P. 12.2 to exclude psychiatric testimony bearing upon the mental condition of the defendant is reversible only if the court abused its discretion in excluding this evidence"); *United States v. Leonard*, 609 F.2d 1163, 1165 n. 3 (5th Cir.1980).

II.

Defendant's Right to Proceed *Pro Se*

The court (*Perkins, J.*) appointed counsel for Gallant in December 1988. In September 1989, defendant's counsel moved to withdraw, citing defendant's desire to present an unsupportable defense. After a hearing on the motion, the court granted the motion to withdraw and appointed another attorney to serve as Gallant's counsel.

Prior to jury selection and immediately after the court's ruling on Gallant's insani-

ty defense, the defendant again expressed dissatisfaction with his counsel. He asked to be permitted to proceed *pro se*, stating "it's going to be an unfair trial" and "having a lawyer just gives it credence." The court questioned Gallant and ascertained that he was unfamiliar with court rules and procedures, that his actions were only a "protest," and that Gallant felt "the trial system is stacked against people without money." The court denied Gallant's motion, concluding that he had not intelligently waived the right to an attorney and that he had not unequivocally demanded the right to proceed *pro se*. The court did, however, permit Gallant to present his own testimony in narrative form.

The protection afforded by article 1, § 6 of the state constitution is commensurate with that of the sixth amendment to the federal constitution. *See State v. Clark*, 483 A.2d 1221, 1224 n. 2 (Me.1984); *see also State v. Carter*, 412 A.2d 56, 60 (Me.1980). In our cases in which a defendant has argued that he has been denied the right to proceed *pro se*, we have required that the defendant show both a waiver of counsel and an unequivocal invocation of the right to proceed *pro se*. *See State v. Walls*, 501 A.2d 803, 806 (Me.1985) (distinguishing the case where a defendant is asserting the right to proceed *pro se* from the case where the defendant contends that his right to counsel was compromised); *State v. Crafts*, 425 A.2d 194, 196 (Me.1981) (court must require "that demand to exercise one's right of self-representation be stated clearly and unequivocally"). Here, the court did not err by determining that Gallant's waiver was not unequivocal. *See State v. Morrison*, 567 A.2d 1350, 1351 and n. 2 (Me.1990) (a finding of waiver or a lack thereof is subject to the "clearly erroneous" standard of review). In light of Gallant's history of conflicts with his attorneys and his explicit purpose to protest the proceedings, the court was entitled to interpret the defendant's conduct as less than an unequivocal demand to proceed *pro se*. *See Crafts*, 425 A.2d at 196.

The entry is:

Judgment affirmed.

All concurring.