STATE of Maine

v.

Alfred A. GALLANT, Jr.

Supreme Judicial Court of Maine.

Argued March 18, 1991.

Decided Dec. 31, 1991.

Janet Mills, Dist. Atty., Joseph O'Connor (orally) Asst. Dist. Atty., South Paris, for the State.

Caroline Gardiner (orally) Norman, Hanson & Detroy, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS, and BRODY *, JJ.

ROBERTS, Justice.

Defendant Alfred A. Gallant, Jr., appeals from his concurrent sentences of 10 years for aggravated assault, 17–A M.R.S.A. § 208 (Class B) (1983), and 20 years for attempted murder, 17–A M.R.S.A. §§ 152, 201 (Class A) (1983 & Supp.1988) imposed by the Superior Court (Oxford County, *Delahanty, C.J.*) following a jury trial. Because the court may well have imposed the sentence for Class B aggravated assault with the mistaken impression that it was sentencing Gallant for a Class A crime, we vacate the sentence. We vacate and remand both sentences and direct that the

* Brody, J. sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

court, before resentencing, order further psychiatric evaluation of Gallant to better determine how his mental health affected his conduct and to assess his prospects for treatment. *See* 15 M.R.S.A. §§ 2155(2) & 2156(1–A) (Supp.1991).

## I.

The facts of this case are set out more fully in *State v. Gallant*, 595 A.2d 413 (Me.1991), wherein we affirmed Gallant's conviction. On Saturday, September 3, 1988, at the Eagles Club in Rumford, Gallant shot Mark Merchant in the face. After the jury returned a guilty verdict, the sentencing justice ordered a presentence report. Despite the fact that defendant has a long history of organic brain damage, hallucinations and multiple admissions to mental institutions, the court did not order any psychological or medical evaluations. The presentence report filed on April 30, 1990, recommended a straight prison sentence without probation. The presentence report stated that Gallant had previous and continuing problems with alcohol. Gallant admitted that he still drank despite receiving supplemental security income retroactive to 1984 for organic brain damage brought about by alcoholism and a head injury at work.

## II.

◼ When imposing sentence, the sentencing court must determine the basic sentence for the offense by considering its "particular nature and seriousness." *State v. Hallowell*, 577 A.2d 778, 781 (Me.1990). This inquiry is conducted in light of the statutory guidelines found in 17–A M.R.S.A. § 1151 (1983 & Supp.1990). *See State v. Lewis*, 590 A.2d 149 (Me.1991). We are troubled here by the fact that the court may have imposed the sentence for aggravated assault with the understanding that it was sentencing the defendant for a Class A rather than a Class B crime. Pursuant to 17–A M.R.S.A. § 1252(4) (1983), a Class B crime may be augmented to a Class A crime if the state proves that it has been committed with "a dangerous weapon." The statute precludes such augmen-

tation, however, if that Class B crime is aggravated assault. *Id.* When sentencing Gallant, the court stated:

So the record is clear, as charged the title of Count II indicates aggravated assault, Class B. The indictment reads did intentionally, knowingly or recklessly cause serious bodily injury to Mark Merchant. That charges a Class B offense and then adds to it with the use of a dangerous weapon, namely a firearm. It is the court's position that as alleged and proved despite the misnomer in the title which is not part of the charge against you [the offense] actually is a Class A offense.

From these comments it is impossible to tell whether the court compared the nature and circumstances of the aggravated assault that Gallant had committed with other Class B aggravated assaults, which would have been appropriate, or whether the court compared Gallant's offense with other Class A crimes committed with dangerous weapons which would not have been appropriate. Although the 10 year sentence is concurrent with the 20 year sentence, the court apparently assumed Gallant had committed two Class A offenses.

## III.

◼ We next address the court's consideration of the particular circumstances of this offender that might reduce or enhance the basic sentences. *See State v. Lewis*, 590 A.2d at 150. In imposing the sentences, the court stated that the evidence at trial showed that Gallant's shooting of the victim was "completely unprovoked and totally unjustifiable" and that Gallant lacked any meaningful remorse. The court also concluded, based on his prior unwillingness to submit to psychiatric examinations, that Gallant would be unwilling to cooperate in rehabilitation. Finally, the court concluded that the defendant was "a danger to the community and a menace to society." The court stated, "On that basis I feel I have no choice but to impose a maximum sentence of twenty years."

Throughout these proceedings, Gallant has maintained that the entire criminal jus-

tice system, including the police, his attorneys, forensic psychiatrists, the district attorney, and the court have been engaged in a conspiracy against him while steadfastly maintaining, even after his conviction, that he shot the victim in self-defense. By failing to order a psychological or medical evaluation prior to sentencing, the court was unaware of how Gallant's mental state would influence his feelings of remorse or whether he had any condition that would respond to treatment. We recognize that Gallant had been uncooperative in the past. Cooperation, however, is not essential to a psychological or medical evaluation. Sometimes those who are most in need of treatment are the least cooperative. Given the defendant's history of serious organic brain damage and mental instability, the court erred in imposing the maximum sentence in the absence of any professional assessment of his condition.

We accord the sentencing court great deference in weighing "the degree of aggravation indicated by specific factors demonstrating a high risk of re-offending." *State v. Weir*, 600 A.2d 1105, 1106 (Me. 1991). The court "has wide discretion in selecting sources of ... aggravating factors, *provided they are factually reliable.*" *Id.* (emphasis added). In sentencing Gallant, who had no prior felony conviction, the court emphasized the defendant's dangerousness and it totally rejected any possibility of treatment for his condition. Given the exceptional circumstances of this defendant, however, the court lacked adequate factual support for its determination. Thus we conclude that the 20–year sentence was imposed in this particular case without sufficient information. *See* 15 M.R.S.A. § 2155(2) (Supp.1991).

## IV.

■ Finally, for the court's guidance on remand, we hold that the court did not err by considering the fact that Gallant lied in order to obtain a permit to carry the concealed weapon used in the offenses when it assessed the seriousness of the defendant's conduct. As a result of a presentence investigation, the probation officer reported that Gallant had lied by stating on his permit renewal application that he had no problems with alcohol. In making its sentencing decision, the court is not limited to facts found at trial. *See State v. Dumont*, 507 A.2d 164, 166 (Me.1986). The facts contained in a presentence report may properly influence the court's sentence if the defendant has the opportunity to challenge the report. *See id.* Here, defendant's attorney made no objection to the presentence report. Gallant himself commented on parts of it, but did not object at all to the statement that he had obtained the permit by lying.

The entry is:

Sentences vacated.

Remand to the Superior Court for resentencing.

McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ., concur.