89 F.3d 823
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Alfred A. GALLANT, Jr., Plaintiff, Appellant,
v.
CORRECTIONS, ME Warden, Defendant, Appellee.
Alfred A. GALLANT, II, Plaintiff, Appellant,
v.
Gene CARTER, Chief Judge, Defendant, Appellee.
Alfred A. GALLANT, II, Plaintiff, Appellant,
v.
Donald ALEXANDER, Judge, Defendant, Appellee.
 Nos. 96-1005, 96-1048, 96-1162.
 United States Court of Appeals, First Circuit.
 July 5, 1996.
 
 Alfred A. Gallant on memorandum in support of certificate of probable cause and on brief pro se.
 Gail Fisk Malone, Assistant United States Attorney, on memorandum in support of motion for summary disposition for appellee Gene Carter.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In No. 96-1048, plaintiff Alfred Gallant appeals from a court order dated December 20, 1995 denying his motion to proceed in forma pauperis (IFP). As plaintiff paid the filing fee that same day, his appeal is frivolous. Plaintiff's motions to proceed IFP on appeal are denied, appellee's motion for summary disposition is allowed, and the challenged district court order is summarily affirmed. See Loc. R. 27.1.
 
 
 2
 In No. 96-1162, plaintiff appeals from a judgment dismissing, on the ground of frivolousness, his action under 42 U.S.C. § 1983 against the state court judge who presided over his state habeas proceedings. For the reasons recited by the district court in its order dated February 7, 1996, the judgment is summarily affirmed. See Loc. R. 27.1. Plaintiff's motions to proceed IFP on appeal and for appointment of counsel are denied.
 
 
 3
 In No. 96-1005, plaintiff seeks a certificate of probable cause in order to appeal from the district court's denial of his petition for a writ of habeas corpus. Having reviewed the record in full, we discern only one issue of any conceivable merit: whether plaintiff was improperly denied his Sixth Amendment right of self-representation under Faretta v. California, 422 U.S. 806 (1975). The trial court rejected this claim on the ground that plaintiff's request to proceed pro se had not been "intelligently" made; it noted in this regard that plaintiff was suffering from mental impairments and had disavowed any intention of mounting a defense in order to "protest" what he regarded as a "sham" trial. The Maine Supreme Judicial Court (SJC) affirmed on the ground that plaintiff's request had not been "unequivocally" advanced. See State v. Gallant, 595 A.2d 413, 416 (Me.1991). As we find that the trial court's rationale is immune from challenge in a federal habeas corpus proceeding, we need not address the grounds relied on by the SJC.
 
 
 4
 A review of the record makes clear that the trial court, although deeming plaintiff mentally competent to stand trial, considered him mentally incompetent to defend himself effectively. Such a determination runs afoul of Godinez v. Moran, 509 U.S. 389 (1993), where the Court held that the competency standard for waiving the right to counsel is identical to that for standing trial. Yet plaintiff's conviction and sentence had become final prior to issuance of the Godinez decision. And the Godinez holding, we conclude, constitutes a "new rule" that, under Teague v. Lane, 489 U.S. 288 (1989), cannot be applied retroactively by a federal habeas court.
 
 
 5
 "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Caspari v. Bohlen, 114 S.Ct. 948, 953 (1994) (quoting Teague, 489 U.S. at 301). "The question is 'whether a state court considering [the defendant's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution.' " Goeke v. Branch, 115 S.Ct. 1275, 1277 (1995) (per curiam) (quoting Saffle v. Parks, 494 U.S. 484, 488 (1990)).
 
 
 6
 Here, we cannot say that the state court would have felt compelled, prior to Godinez, to deem the two competency standards equivalent. The Godinez Court itself, after surveying the caselaw, took note of the divergent views that then prevailed. See 509 U.S. at 395 n. 5. And this circuit was one of the ones there identified as adhering to the view that the two competency standards might not be identical. See United States v. Campbell, 874 F.2d 838, 846 (1st Cir.1989) (observing that "the competency required to stand trial may not always be coterminous with the capacity necessary to proceed pro se ") (quoted in part in Godinez, 509 U.S. at 395 n. 5); see also United States v. Pryor, 960 F.2d 1, 2 (1st Cir.1992) (finding of competency to waive counsel "more than covered" competency to stand trial).
 
 
 7
 In turn, neither of the "two narrow exceptions to the nonretroactivity principle" applies here. Caspari, 114 S.Ct. at 956. The first pertains to new rules that place certain types of private conduct "beyond the power of the criminal law-making authority to proscribe," Teague, 489 U.S. at 307 (internal quotation omitted); this is inapplicable on its face. The second pertains to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Caspari, 114 S.Ct. at 956 (internal quotations omitted). It is not certain whether Faretta itself would fit into this second category.[1] But however this may be, it is apparent to us that the Godinez decision, which simply fine-tunes the competency standard underlying Faretta, is not "such a groundbreaking occurrence," Caspari, 114 S.Ct. at 956, as to trigger the second Teague exception.
 
 
 8
 We have considered plaintiff's remaining allegations and find them even less availing. Accordingly, inasmuch as plaintiff has failed to make a "substantial showing of the denial of a federal right," Barefoot v. Estelle, 463 U.S. 880, 893 (1983), the application for a certificate of probable cause is denied and the appeal is terminated. The motions to proceed on appeal IFP and for appointment of counsel are denied. The motion for recusal is denied as moot.
 
 
 
 [1]
 The Sixth Amendment right to self-representation, for all its importance in upholding "the inestimable worth of free choice," Faretta, 422 U.S. at 834, is plainly not designed to enhance the reliability of the truth-finding process; as the Faretta Court noted, "in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts," id. Indeed, various courts declined to give retroactive effect to the Faretta decision itself primarily for this reason. See, e.g., Martin v. Wyrick, 568 F.2d 583, 587-88 (8th Cir.), cert. denied, 435 U.S. 975 (1978)