MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2018 ME 64
Docket:       Pen-17-520
Submitted
  On Briefs:  April 25, 2018
Decided:      May 8, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE CHILDREN OF TASHA R.


PER CURIAM

[¶1]    Tasha R. appeals from a judgment of the District Court (Bangor, *Jordan, J.*) terminating her parental rights to two of her children pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i)-(ii), (iv) (2017). Contrary to the mother's contention, the court did not abuse its discretion in proceeding with the termination hearing notwithstanding her request to replace her court-appointed counsel. The mother does not challenge the court's findings by clear and convincing evidence of parental unfitness and that termination is in the children's best interests. *See In re Zarianna C.*, 2018 ME 11, ¶ 2, 177 A.3d 1270; *In re Alexavier G.*, 2017 ME 227, ¶ 1 & n.1, 174 A.3d 891 (stating that when the trial court found three bases for parental unfitness, a single undisputed basis "constitutes a waiver of this issue on appeal" and "alone is sufficient to support the court's termination of her parental rights"). Accordingly, we affirm the judgment.

[¶2]  The mother failed to appear for the September 26, 2017, hearing on the Department of Health and Human Services' petition to terminate her parental rights.  Her court-appointed counsel was present and represented her interests.  Earlier, on September 15, acting pro se, the mother filed two handwritten letters with the court raising numerous issues.  Relevant to the sole issue she raises on appeal, in one of the letters the mother alleged that her attorney had failed to adequately communicate with and otherwise represent her, and she named another attorney that she wished to have appointed to her case.[1]  Upon finding that "I don't take anything from [the letters] . . . [t]hey're allegations . . . [and the mother] is not here today," and without objection from any party, the court proceeded with the evidentiary hearing, in which the State, the mother's counsel, and the guardian ad litem participated.

[¶3]  Although the mother has a due process right to appointed counsel in this child protection proceeding, *In re T.B.*, 2013 ME 49, ¶ 14, 65 A.3d 1282, "the right to counsel does not include unfettered freedom to change attorneys," *State v. Goodno*, 511 A.2d 456, 457 (Me. 1986).  We review the trial court's decision on a motion to change counsel for an abuse of discretion.  *In re J.R. Jr.*,

---

[1]  In addition to representing the absent mother at the hearing, counsel filed a notice of appeal and appellant's brief on her behalf.  There is no indication in the record that the prospective substitute attorney named in the mother's letter was even aware of her request.

2013 ME 58, ¶ 19, 69 A.3d 406; *see In re Evelyn A.*, 2017 ME 182, ¶ 19, 169 A.3d 914 ("Although we recognize the trial court's goal of protecting the parents' fundamental right to effective assistance of counsel, the court must be careful, in protecting that right, not to ignore the simultaneous interest of the State in promoting 'the early establishment of permanent plans for the children, 22 M.R.S. § 4003(4) [2017].'" (citation omitted)).  On these facts we find no abuse of discretion in the court's decision to proceed with the termination hearing.

The entry is:

Judgment affirmed.

---

Randy G. Day, Esq., Garland, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Bangor District Court docket numbers PC-2016-74, 75
FOR CLERK REFERENCE ONLY