## In Equity.

### PHILLIPS VILLAGE CORPORATION *vs.* PHILLIPS WATER COMPANY.

### Franklin.    Opinion March 17, 1908.

*Corporations.   Ultra Vires Contracts.   Retrospective Operation by Statute.   Specific Performance.   Private and Special Laws, 1885, chapter 490, section 2 ; 1887, chapter 141 ; 1891, chapter 170 ; 1905, chapter 162.*

A village corporation being a creature of the statute, has only such powers as are conferred by statute or by necessary implication.

When a village corporation has made a contract which is ultra vires, a bill in equity brought by itself for the specific performance of the same cannot be maintained.

When a village corporation is only invested with power " to raise such sums of money as may be sufficient for the support of a suitable number of hydrants, in case water is brought into its limits in a suitable manner and sufficient quantity, and suitable fire engines, engine houses, hose, buckets, hooks and ladders, and provide a sufficient quantity of water in the different parts of said corporation for the extinguishment of fire and for organizing and maintaining within its limits an efficient fire department," and has no power to raise money for any other purpose, such corporation has no authority to enter into a contract with a water company providing that after the expiration of a term of years the corporation should have the right to purchase the water company's entire plant, at an appraised value to be fixed by three appraisers, chosen one by the corporation, one by the water company, the third by these two, and on payment of the price so determined, that the water company should transfer to the corporation its entire plant, and if such corporation does enter into such a contract it is ultra vires.

When a village corporation has made a contract for the purchase of the plant of a water company and which contract was ultra vires at the time it was made and afterwards by a legislative act such corporation has been authorized to " vote to purchase the entire works and rights " of the water company " for such sums of money as may be adjudged payable according to the terms " of the contract, such authority may have a retrospective action and make valid the contract, but when the corporation attempts to avail itself of the granted power, it must proceed according to the terms of the act, and first " vote to purchase," etc. " for such sums of money as may be adjudged payable," etc., before it can maintain a bill in equity for the specific performance of the contract.

In equity.   On report.   Bill dismissed.

Bill in equity brought by the plaintiff corporation against the defendant water company for specific performance of article 10 of a certain written contract entered into between the plaintiff corporation and the defendant water company September 15, 1896, whereby the plaintiff corporation sought to compel the defendant water company to select an appraiser as provided in said article 10.

The plaintiff corporation was incorporated under the provisions of chapter 490, Private and Special Laws, 1885, and by the provisions of chapter 141, Private and Special Laws, 1887, section 2, of said chapter 490, was amended so as to read as follows:

"Said corporation is hereby invested with power, at any legal meeting called for the purpose, to raise such sums of money as may be sufficient for the support of a suitable number of hydrants, in case water is brought into its limits in a suitable manner and sufficient quantity, and suitable fire engines, engine houses, hose, buckets, hook and ladders, and provide a sufficient quantity of water in the different parts of said corporation for the extinguishment of fire and for organizing and maintaining within its limits an efficient fire department and no money shall be raised for any other purpose except as above specified."

September 15, 1896, the plaintiff corporation and the defendant water company entered into a written contract as aforesaid in relation to a supply of water for the extinguishment of fires within the limits of the plaintiff corporation, and in addition thereto by article 10 of the contract further agreed as follows:

"Art. 10.   It is further agreed that said Corporation shall have the right to purchase the Company's entire works and rights at the expiration of ten years from the date of this contract, for ten per cent additional to their appraised value, to be determined as hereinafter provided.   And it is further agreed that, at the expiration of twenty years from the date of this contract, the said Corporation shall have the right to purchase said Company's entire works and rights at their appraised value, to be determined as hereinafter provided.

"In case the Corporation should avail itself of this option and purchase said water works, it is agreed and understood that they shall have appraised, take over and pay for all the property, rights and franchises of said Company, and shall assume, perform and carry out all agreements made by said Company, and the said Company shall, on payment of the price determined, make all deeds, conveyances, assignments and transfers, necessary to carry into effect this article of this agreement.

"For the purpose of ascertaining the value of said water works, for the purposes covered by this article, it is agreed that said Corporation may select one appraiser, said Water Company one appraiser, and those two select a third, and that said committee so formed and created, after due notice and hearing given all parties interested, shall appraise and fix the value of said water works and all the property of said Company, and the sum at which said Corporation shall have the right to purchase and take over said works, rights franchises and other property."

By the provisions of chapter 162, Private and Special Laws, 1905, the aforesaid chapter 490 as amended by the aforesaid chapter 141, was further amended by adding to said chapter 490 sections 12 and 13, and reading as follows:

"Sec. 12. Said Phillips Village Corporation at any legal meeting called for that purpose may vote to purchase the entire works and rights of the Phillips Water Company for such sums of money as may be adjudged payable according to the terms of article ten of the contract entered into between said Phillips Village Corporation and said Phillips Water Company. Or in accordance with the terms of any other contract hereinafter entered into by the same parties. Said Phillips Village Corporation shall, after such vote, and payment of the purchase price to said Phillips Water Company, receive from said Phillips Water Company an assignment and transfer of all the works and rights of said Phillips Water Company. And shall thereafter own and operate said works and exercise and enjoy the rights and franchise of said Water Company as fully as if granted to it direct."

"Sec. 13.  The Philips Village Corporation is hereby vested with the authority to raise such sum or sums of money as are necessary for the payment of the purchase price of said works, or in payment of future extensions, additions, or improvements of the same, by assessment upon the polls and property within its territory, or by the issuance of bonds of the corporation and to execute its mortgage of the above works and rights as security for their payment."

The plaintiff corporation had never voted to purchase the plant of the defendant water company, but had twice refused so to do.

The cause came on for hearing before the Justice of the first instance, on bill, demurrer, answer, replication and proof, and at the conclusion of the evidence and by agreement of the parties the case was reported to the Law Court for determination upon so much of the evidence as was "legally admissible and competent."

The case appears in the opinion.

*E. E. Richards, F. W. Butler and D. R. Ross,* for plaintiff.

*Foster & Foster and F. E. Timberlake,* for defendant.

SITTING :   EMERY, C. J., WHITEHOUSE, STROUT, SAVAGE, SPEAR, CORNISH, JJ.

STROUT, J.  Plaintiff was incorporated by the legislature by chapter 490, Special Laws of 1885, amended by chapter 141, Special Laws of 1887.  Being a creature of statute, it had only such powers as were conferred by statute expressly or by necessary implication.  By section 2 of chapter 490, Special Laws, 1885, as amended by chapter 141, Special Laws, 1887, it was empowered to raise money to provide water for the extinguishment of fires, provide hydrants, etc., and for no other purpose.  Under this grant of power, it might contract with a water company to supply water for such purpose.  It did this by a contract with defendant company, incorporated by chapter 170, Special Laws of 1891, which authorized defendant to contract with plaintiff for supply of water.  By article 10 of that contract, the parties provided that after the expiration of ten years the plaintiff should "have the right to purchase the (defendant) company's entire works," at an appraised value to

be fixed by three appraisers chosen one by plaintiff and one by defendant, and the third by these two, and on payment of the price so determined, the defendant should transfer to plaintiff by proper conveyance its entire plant.

The plaintiffs have selected an appraiser, and asked defendant to select one, which it has failed to do, and this bill is brought for specific performance, to compel the defendant to select one appraiser, as provided for in article 10. To this the defendant says that article 10 was ultra vires, and is not binding. Prior to the act of 1905, Special Laws, c. 162, no authority had been conferred upon plaintiff to purchase defendant's plant, or to raise money to pay for it. The agreement consequently was ultra vires, and without force. The act of 1905 authorized plaintiff "at any legal meeting called for that purpose" to "vote to purchase the entire works and rights of the Phillips Water company for such sum of money as may be adjudged payable according to the terms of article ten of the contract entered into between said Phillips Village Corporation and said Phillips Water Company, or in accordance with the terms of any other contract hereinafter entered into by the same parties," and the plaintiff was authorized by the act to raise money for the payment of the price, and for future extension by assessment or by issuing bonds.

Prior to this act, we find no authority given to plaintiff to purchase the works or to raise money to pay for them.

This authority given by the act of 1905 may have a retrospective operation and make valid article ten of the contract, theretofore invalid. But when the Village Corporation attempts to avail itself of the granted power, it must proceed according to the terms of the act. That contemplated a single vote of the Village Corporation to purchase the water works "for such sum of money as may be adjudged payable," etc. This language clearly implies that the vote shall precede the appraisal. It cannot be construed to authorize an appraisal in the first instance, and leave to the Village Corporation the option then to buy or not. Fair dealing, as well as the reading of the statute, requires that before an appraisal is had, there should be an obligation to purchase on the one hand and to sell on

the other, in which case an appraisal would be useful and binding. There is no reason why the Water Company should be subjected to the expense, trouble and exposure of its business attendant upon an appraisal, when there is no obligation of the Village Corporation to buy, and perhaps no intention to do so. It must be borne in mind that prior to the enabling act, the Village Corporation had no authority to purchase or require an appraisal.

No vote of the Village Corporation to purchase has ever been passed. On the contrary, at two meetings of the corporation in the warrants for which was an article to see if the corporation would vote to purchase the water plant, it was voted to pass over the articles,— thus refusing to commit the corporation to the purchase.

The plaintiffs are not entitled to an appraisal, until it shall vote to purchase, as provided in the act. In *Farmington* v. *Water Co.*, 93 Maine, 192, there was a valid contract between the parties, and the case turned upon the construction of that contract. Here there was no valid contract between the Village Corporation and the Water Company until the Village Corporation voted to purchase, as authorized by the act of 1905. Such vote was necessary to make any contract between the parties. *Kennebec Water District* v. *Waterville*, 96 Maine, 234, cited by plaintiff, has no application to this case, and the same is true of *Mayo* v. *Village Fire Co.*, 96 Maine, 541. In *Kittery Water District* v. *Agamenticus Water Co.*, 103 Maine, 25, the statute authorizing the purchase of the water plant provided that if the parties did not agree upon the price, the Water District might apply to a Justice of this court for the appointment of appraisers. That case does not apply to the question in this.

The entry must be,

*Bill dismissed with costs.*