STATE of Maine

v.

Michael CAMPBELL.

Supreme Judicial Court of Maine.

Argued March 11, 1988.
Decided April 26, 1988.

Paul Aranson, Dist. Atty., Laurence Gardner, Deputy Dist. Atty., Paul House (orally), Law Student Intern, Portland, for plaintiff.

Joel Vincent (orally), Scarborough Law Offices, Scarborough, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

Michael Campbell appeals from a denial by the Superior Court, Cumberland County, after a hearing on March 1, 1987, of his motion for reduction of sentence brought pursuant to M.R.Crim.P. 35(c).

Campbell entered a plea of guilty in the Superior Court to a charge of aggregated theft by deception, 17–A M.R.S.A. §§ 352(5)(E), 354, 362(3)(C) (1983) on March 24, 1986. He was sentenced to 5 years to the Department of Corrections after a hearing on May 30, 1986. Campbell's appeal of his sentence to the Appellate Division was denied on September 4, 1986.

On December 3, 1986, Campbell filed his motion for reduction of sentence and a request for a hearing on his motion. On December 24, 1986, the trial justice ordered that "This matter will not be heard without presence of defense counsel or ruling that his presence is not necessary nor without submission of affidavit setting forth justification for consideration." In response to this order, Campbell filed an affidavit on January 9, 1987, alleging that he had been ineffectively represented at the sentencing hearing, in that his counsel failed to mention significant facts that were favorable to Campbell. Along with his affidavit, Campbell also filed a motion for appointment of counsel and an affidavit of indigency. He requested that a new attorney be appointed.

By letter dated February 19, 1987, Campbell was informed by the attorney he wished to have appointed that the attorney would not be able to represent him. Although the attorney noted in his letter that

he had informed the court of his unavailability, there is nothing in the record to indicate that the court was so informed. At the March 1 hearing on Campbell's Rule 35 motion, the trial justice appeared to expect Campbell to be represented by counsel. Campbell explained that the attorney with whom he had been in contact would be unable to take the assignment. Without further addressing the issue or appointing other counsel, the trial justice proceeded to a hearing on the merits of the motion at which Campbell participated without the assistance of an attorney.

## DISCUSSION

We employ an abuse of discretion standard when reviewing the trial justice's denial of a Rule 35 motion for reduction of sentence. *State v. Emery*, 534 A.2d 1317, 1319 (Me.1987). We find here that the trial justice did indeed exceed the limits of his discretion when, after having ordered that Campbell's motion was not to be heard without the presence of defense counsel, he then proceeded to a hearing on the merits of the motion at which Campbell was not represented, without first determining that Campbell had knowingly and intelligently waived his rights in this regard.

The trial justice clearly stated in his December 24 order that unless the court, based on a submitted affidavit, ruled that counsel's presence was not necessary, no hearing would be held on the Rule 35 motion if Campbell was not represented. Despite the existence of such an order on the record, the trial justice conducted a hearing without Campbell being represented and without undertaking any inquiry as to whether Campbell wished to waive the right to counsel. "Before allowing a defendant to exercise his sixth amendment right to self-representation, a court must find that he has knowingly and intelligently waived his right to counsel." *State v. Walls*, 501 A.2d 803, 805 (Me.1985). In

these circumstances when the trial justice has made no finding of waiver of the right to counsel, but proceeded to a hearing on the merits with the defendant unrepresented, an abuse of discretion was committed that requires the order denying the Rule 35 motion to be vacated.[1]

The entry is:

Judgment vacated. Remanded to the Superior Court for proceedings consistent with the opinion herein.

All concurring.

---

1. Because the trial justice accorded to Campbell the right to counsel and then proceeded to a hearing without appointing new counsel in circumstances where the record does not remotely suggest a waiver of that right, we find it unnecessary to address the constitutional issue whether the defendant had an absolute right to counsel in a Rule 35 hearing. *See State v. Bassford*, 440 A.2d 1059, 1061 (Me.1982); *Osier v. Osier*, 410 A.2d 1027, 1029 (Me.1980) (constitutional issue not considered if unnecessary to decision).