Mary JUSTICE

v.

Sandra Burroughs MARTIG.

Supreme Judicial Court of Maine.

Argued Jan. 29, 1990.

Decided Feb. 27, 1990.

Seth Berner (orally), Portland, for plaintiff.

Francis M. Jackson (orally), Portland, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

This controversy concerns a strip of land running between two parcels of land owned by Justice and giving access to land owned by Martig. In an earlier lawsuit concerning the strip, the Superior Court (Cumberland County, *McKinley, J.*) granted a directed verdict to Martig on Justice's claims for trespass and nuisance and entered judgment on a jury verdict declaring that Martig had established an easement over the strip. Later, Martig began to park her car on the strip in a manner that interfered with Justice's access to her parcels. As a result, Justice brought this action. During the course of the litigation, Martig violated an interim order to stop parking her car on the strip because her lawyer neglected to tell her of the order. Ultimately, the Superior Court (Cumberland County, *Alexander, J.*) granted Martig summary judgment on the basis of res judicata but denied her claim for attorney fees. Martig has appealed the denial of her attorney fees; Justice has appealed the entry of summary judgment as well as the denial of contempt against Martig for her failure to comply with the interim order. We vacate the grant of summary judgment, affirm the denial of contempt and find it unnecessary to reach the issue of attorney fees.

## RES JUDICATA

■ The first Superior Court decision declared:

> An easement or right of way by prescription has been established by [Martig] for the benefit of herself, her heirs, successors and assigns for all legal purposes including vehicular traffic to and from property owned by her on Long Island in Portland in the County of Cumberland and State of Maine....

The court ordered Justice to remove any obstructions she had placed in the easement and permanently enjoined her from interfering with Martig's use of the easement. The order said nothing about whether or not Justice has any concurrent easement over the strip. A concurrent right-of-way or easement would not be inconsistent with Martig's easement and the order prohibiting Justice from interfering with it. Indeed, the special interrogatories answered by the jury at the first trial specifically assumed that the easement was shared in common by Justice and Martig and others. Question 2 (to which the jury responded yes) inquired concerning the scope of Martig's easement and identified the easement as "[a]n easement open only to the residents, guests or owners (and persons having business with them) of parcels 1, 2, 3 [all owned by Justice], 4 [owned by third parties] and 5 [owned by Martig] ... for all legal purposes."

Thus, although *Kradoska v. Kipp*, 397 A.2d 562 (Me.1979), mandates res judicata effect for any issue that was litigated or might have been litigated on the same cause of action in the earlier case, that earlier cause of action did not extend to the proposition that Justice had no rights at all in the strip. The fact that the first trial justice also directed a verdict against Justice on her counterclaims for trespass and nuisance does not affect this conclusion. He directed the verdict at the close of the evidence, before the jury determined that Martig had a right-of-way, an action that suggests that the ruling was premised on the failure of Justice to submit evidence that any trespass or nuisance had occurred, regardless of the underlying ownership interest. Put another way, it would be perfectly consistent for the jury or trial justice to find a concurrent easement but still rule against Justice because she failed to prove activities that amounted to trespass or nuisance. Therefore we cannot conclude that, in granting a directed verdict on the two counterclaims, the first court determined that Justice had no interest in the easement. It is still open to Justice to show that she has an interest that is infringed by Martig's current manner of parking her car.

## CONTEMPT

In the beginning stages of the second lawsuit, the trial court granted a temporary restraining order prohibiting Martig from parking her car on the easement. Martig's lawyer neglected to inform her of the issuance of this order and she continued to park there. When a motion for contempt was filed and Martig was notified of the court's order she promptly complied with it. Insofar as Justice was seeking civil contempt, therefore, the issue became moot; Martig purged the contempt. Justice has not complied with the procedural requirements for seeking criminal contempt, and in any event, we find no basis for such a contempt given the Superior Court's finding that there was no willfulness in Martig's failure to comply.

Because we vacate the summary judgment in favor of Martig, we do not reach her argument that she was entitled to attorney fees.

The entry is:

Summary judgment in Martig's behalf is vacated; the order denying contempt is affirmed; the matter is remanded for further proceedings consistent with the opinion herein.

All concurring.