1997 ME 182

**Irving McNAUGHTON, et al.**

**v.**

**Richard KELSEY, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 13, 1997.

Decided Aug. 8, 1997.

---

Tonya H. Johnson, C.W. & H.M., Dover–Foxcroft, for plaintiffs.

Defendants Richard Kelsey and Belinda Bates (formerly Belinda Kelsey) did not file briefs.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

[¶ 1] Irving McNaughton and Robert O'Malley appeal from the judgment entered in the Superior Court (Piscataquis County, *MacInnes, A.R.J.*), affirming the judgment of the District Court (Dover Foxcroft, *Gunther, J.*), declaring the Town of Sangerville's foreclosure of the Kelseys's land void for a failure to notify the Kelseys properly of the Town's application of their tax payment to an outstanding tax assessment. They contend that the court erred by concluding that the foreclosure was void because the Kelseys did not have actual knowledge that their 1991 taxes remained unpaid. We agree and vacate the judgment.

## I.

[¶ 2] The plaintiffs are purchasers of land formerly owned by Richard and Belinda Kelsey and acquired by the Town of Sangerville after foreclosure on a tax lien placed by the Town on the land. The Kelseys paid only a portion of their 1989 tax bill, and the Town of Sangerville abated the $1.66 that was not paid. The Kelseys made no payment on their 1990 tax bill. In 1991, Belinda Kelsey mailed a check for $77.35 to the Town in an envelope along with a copy of her 1991 tax bill. The amount due on the 1991 tax bill was $71.60. Belinda testified that she intended to pay the 1991 tax bill and that she had not received a bill for 1990 taxes. The court found that Belinda "was not aware that the 1990 taxes had not been paid." The Town applied the payment towards her outstanding 1990 tax bill rather than the 1991 bill, and the $77.35 payment still left a balance of $5.16 on the 1990 tax bill.

[¶ 3] In March 1992 the Town of Sangerville sent a notice to the Kelseys demanding payment of their 1991 taxes within 30 days. The notice was sent by certified mail, return receipt, to the Kelseys at their Addison, Maine, address, and was returned unclaimed.[1] In May 1992 the Town recorded a

---

1. The court found that the Addison address was the Kelseys's summer address, and that the Kelseys never asked the Addison post office to forward their mail to them, choosing instead to pick

tax lien certificate in the Piscataquis County Registry of Deeds. The Town sent a copy of the lien to the Kelseys at their address in Addison by certified mail, and the letter was returned unclaimed. In September 1993 the Town sent a notice of impending automatic foreclosure to the Kelseys in Addison, and the notice was returned unclaimed. The Town foreclosed on the lien in November 1993 and in February 1994 granted a quit-claim deed to McNaughton and O'Malley.

[¶ 4] In October 1994, McNaughton and O'Malley filed an action to quiet title against the Kelseys. The District Court found in favor of the Kelseys and declared the foreclosure on their land invalid. The court concluded that despite the Town's compliance with the provisions of 36 M.R.S.A. § 906 (1990)[2] in applying the 1991 tax payment to the outstanding 1990 tax bill, the Kelseys did not have actual knowledge that their 1991 payment was not credited to 1991 taxes. The court ruled, *inter alia:*

> However reasonable the Town's practice of back application, the Court does not find any notice to Ms. Bates [Kelsey] by way of receipt or otherwise to alert her to the credit against 1990 taxes. The payment was specifically directed at the 1991 taxes. Under these circumstances, and despite statutory compliance, the foreclosure cannot be sustained. Payment was made, although not credited, on the taxes at issue. The default in 1990 will not sustain foreclosure related to 1991.

The Superior Court affirmed the judgment of the District Court, and this appeal followed.

up their mail each summer. The court further found that the Addison post office would not hold certified mail for the Kelseys.

**2.** Section 906 provides:
The municipal officers of a municipality may, upon request of the municipal treasurer or the tax collector, require that any tax payment received from an individual as payment for any property tax be applied against outstanding or delinquent taxes due on that property in chronological order beginning with the oldest unpaid tax bill. Taxes may not be applied to a period for which an abatement request or appeal has not been resolved unless approved in writing by the taxpayer.

**3.** We interpret the court's decision as based on the fact that the Kelseys did not actually know

## II.

[¶ 5] In its denial of the plaintiffs' motion for reconsideration, the court ruled that "[i]n the absence of actual [knowledge] of the back application of the 1991 payment, enforcement of foreclosure without notice violates due process requirements."[3] McNaughton and O'Malley contend that the court erred by concluding that due process required the Kelseys to have actual knowledge of the application of their tax payment to their overdue 1990 taxes.

[¶ 6] We evaluate procedural due process claims pursuant to a two step process. We first inquire if the government action has deprived the claimant of life, liberty or property interests. *Jackson v. Town of Searsport,* 456 A.2d 852, 856 (Me.1983), *cert. denied sub nom Jackson v. Handley,* 464 U.S. 825, 104 S.Ct. 95, 78 L.Ed.2d 101 (1983). If such deprivation occurred, we then ask what process was due pursuant to the Fourteenth Amendment. *Id.*

> The due process notice requirement . . . is a threshold constitutional requirement to assure that the government does not appropriate private property interests without first taking reasonable steps to assure that the property owner is aware of both the danger of the loss of his interest and of the opportunity to avoid the forfeiture by performance of the acts necessary to that end. Once that threshold requirement has been met, the opportunity to avoid the forfeiture is available to the property own-

that their 1991 taxes remained unpaid, and thus were without actual knowledge, not actual notice. "Actual notice is that which gives actual knowledge, or the means to such knowledge." *Rowe v. Hayden,* 149 Me. 266, 101 A.2d 190, 273, 149 Me. 266, 101 A.2d 190 (1953) (quoting *Hopkins v. McCarthy,* 121 Me., 27, 29, 115 A. 513 (1921)). "Notice does not mean knowledge-actual knowledge is not required." *Knapp v. Bailey,* 79 Me. 195, 202, 9 A. 122 (1887). Actual notice is "such notice as is positively proved to have been given to a party directly and personally, or such as he is presumed to have received personally because the evidence within his knowledge was sufficient to put him upon inquiry." Black's Law Dictionary 957 (5th ed. 1979).

er and the burden reposes fully on him to do so by appropriate action. *Cummings v. Town of Oakland,* 430 A.2d 825, 832 (Me.1981), *appeal dismissed, cert. denied,* 454 U.S. 1134, 102 S.Ct. 988, 71 L.Ed.2d 286 (1982). The Town's foreclosure on the Kelseys's land deprived the Kelseys of a property interest, which satisfies the first part of our inquiry. We must then determine if the Town adequately notified the Kelseys of their obligation to the Town.

The fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right which the particular pertinent constitutional provision purports to protect. What is due process in specific procedures affecting property interests must be determined by taking into account the purposes of the procedures themselves and their effect upon the rights asserted and all other circumstances which may render the devised process appropriate to the nature of the case.

*City of Auburn v. Mandarelli,* 320 A.2d 22, 29 (Me.1974), *appeal dismissed sub nom Mandarelli v. City of Auburn,* 419 U.S. 810, 95 S.Ct. 25, 42 L.Ed.2d 37 (1974). Due process in the area of taxation "does not require the same kind of notice as is required in the case of judicial actions or even in proceedings for taking private property under the power of eminent domain" because the "very existence of government necessitates that the tax collection process be not subject to the delays attendant upon formal judicial proceedings." *Id.*

■ [¶ 7] We have previously stated that a land owning taxpayer has a responsibility to remain apprised of what tax payment enforcement proceedings are being taken against the taxpayer's property. *Id.* at 30. The Kelseys are presumed to know not only that taxes are due on their land each year, but also that their failure to pay their taxes could result in a tax lien and foreclosure on their property. "The statute itself gives warning to the taxpayer that if he does not

pay his taxes he may lose his land. The owner is presumed to know that his land was taxable ... [and] that it is his duty to pay his taxes on time...." *Id.*

■ [¶ 8] The parties stipulated, and the court found, that the Town satisfied the notice requirements of 36 M.R.S.A. §§ 942 and 943 (1990 and Supp.1996) before foreclosing on the Kelseys's land.[4] The Kelseys had notice well before foreclosure that they were delinquent on their 1991 taxes because the Town sent several notices to the address that the Kelseys had listed with the Town. "Once that threshold requirement has been met, the opportunity to avoid the forfeiture is available to the property owner and the burden reposes fully on him to do so by appropriate action." *Cummings,* 430 A.2d at 832. The Kelseys maintained the Addison address as their summer address and retrieved mail from Addison periodically, never notifying the Town that they could be reached at any address other than in Addison. The Kelseys failed to take steps to satisfy their burden as taxpaying landowners of remaining apprised of the tax payment proceedings instituted against their property. *City of Auburn,* 320 A.2d at 30. The Town gave the Kelseys a reasonable opportunity to learn of the pending foreclosure, thus satisfying the Kelseys's due process rights.

The entry is:

Judgment vacated. Remanded to the Superior Court with direction to remand to the District Court for entry of a judgment in favor of the plaintiffs.

---

4. Pursuant to 36 M.R.S.A. §§ 942 and 943 (1990 and Supp.1996), the municipality that records a tax lien on real estate is required to notify the record owner of the existence of the lien and is also required to notify the record owner before foreclosing on the lien.