STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-00-065

MICHAEL A. GALLO, JR., et als.,

Plaintiffs

v.

TOWN OF SANFORD,

Defendant

ORDER AND DECISION

(TITLE TO REAL ESTATE AFFECTED)

1.   THE PARTIES.

The plaintiffs are Michael A. Gallo, Jr. of South Berwick, Maine, Ronald L. Woodward of Waterboro, Maine and Gail Gallo of Sanford, Maine. They were represented by Attorney Thomas Danylik of Biddeford, Maine.

The defendant is the Town of Sanford. It was represented by Attorney Patricia McDonough Dunn of Portland, Maine.

2.   DOCKET NUMBER.

The docket number is RE-00-065.

3.   NOTICE.

All parties have received notice of the proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

4.   DESCRIPTION OF THE REAL ESTATE.

The property is described in a deed of November 6, 1989 recorded at Book 5236, Page 125 of the York County Registry of Deeds and is described at Sanford Tax Map R18A, Lot 20B. It does not include property acquired separately by Michael Gallo and Ronald Woodward.

In 1989 Oceanside Associates, Inc. acquired a parcel of land in Sanford near the airport. See Tax Map R18A, Lot 20B. It failed to pay the 1993-94 real estate taxes. Until sometime between March and June of 1994 all tax bills and notices were sent to Oceanside at a post office box in Ogunquit. After that period they were returned to the Town as undeliverable.

The Town Treasurer's office informed the Town Assessor's office that either Mr. or Ms. Gallo had requested that the mail for Oceanside be sent to Gail Gallo at an address in Sanford. All notices were then sent to Oceanside through Ms. Gallo at the Sanford address. Tax lien foreclosure procedures were commenced and completed apparently vesting title to the property in the Town as the taxes remained unpaid.

The plaintiffs have brought a two count complaint seeking a declaratory judgment and injunctive relief to the effect that the Town did not strictly follow the required statutory proceedings and does not hold title. The plaintiffs wish to pay the back taxes and related fees and have the Town release any interest it may have in the property.

The first issue is whether the Town has inadvertently attempted to foreclose on adjoining property owned separately by Mr. Gallo and Mr. Woodward. See Tax Map R18A, Lot 20D. The Town did not foreclose on their separate property and does not claim an interest in it. The Town's description of the Oceanside property meets the "functional test for determining the sufficiency of property descriptions in recorded lien certificates." See *Town of Pownal v. Anderson*, 728 A.2d 1254, 6 (Me. 1999) as it had both tax map and deed references.

2

Tax lien foreclosures are governed by statute and those statutory procedures must be strictly followed in order to validly foreclose for unpaid real estate taxes. See, for example, *Dubois v. City of Saco*, 645 A.2d 1125, 1127 (Me. 1994). Two statutory notice provisions are at issue in this case.

Pursuant to 36 M.R.S.A. §942 the tax collector must, after 8 months and within one year of the original commitment of a tax, notify the taxpayer of the unpaid taxes while providing certain required additional information in the form. Among the acceptable forms of notice is to ". . . send by certified mail, return receipt requested, to his last known address . . ." the required notice. Here the address that had been initially provided by the taxpayer was clearly inadequate as mail was being returned. The tax collector was informed of a new address by another town employee. When Ms. Gallo was contacted later by phone she instructed the Town Treasurer to contact Mr. Gallo. He too declined to pay the taxes.

What was the "last known address"? It would be wrong to argue that the last known address was the post office box in Ogunquit. Letters sent there were being returned. Another town official had a new better address. It was the last known address and did result in getting far better notice to the taxpayer. The plaintiffs totally ignore their duties as taxpayers, ". . . to learn what is being done to enforce the payment of taxes against his property." *City of Auburn v. Mandarelli*, 320 A.2d 22, 30 (Me. 1974) *appeal dismissed sub nom Mandarelli v . City of Auburn*, 419 U.S. 810, 95 S.Ct. 25, 42 L.Ed. 2D 37 (1974). Also see *McNaughton v. Kelsey*, 698 A.2d 1049, 1052 (Me. 1997) where it was stated, "We have previously stated that a land owning

3

taxpayer has a responsibility to remain apprised of what tax payment enforcement proceedings are being taken against the taxpayer's property" and *Town of Freeport v. Ring*, 727 A.2d 901, 906 (Me. 1999).

A second notice is required as a final warning. See 36 M.R.S.A. §943. Sometime not less than 30 days no more than 45 days before the foreclosure deadline the treasurer has to send a final notice. Among the acceptable forms of notice is a mailing by certified mail, return receipt requested, to the taxpayers last known address. The statute was changed in 1993 from an earlier version. The two versions are as follows. The pre-1993 law states

> The municipal treasurer shall notify the party named on the tax lien mortgage and each record holder of a mortgage on the real estate not more than 45 days nor less than 30 days before the foreclosing date of the tax lien mortgage, in a writing left at his last and usual place of abode or sent by certified mail, return receipt requested, to his last known address of the impending automatic foreclosure and indicating the exact date of foreclosure. For sending this notice, the municipality shall be entitled to receive $3 plus all certified mail, return receipt requested, fees. These costs shall be added to and become a part of the tax. If notice is not given in the time period specified in this section to the party named on the tax lien mortgage or to any record holder of a mortgage, the person not receiving timely notice shall have the right to redeem the tax lien mortgage until 30 days after the treasurer does provide notice in the manner specified in this section.

While the current version states

> The municipal treasurer shall notify the party named on the tax lien mortgage and each record holder of a mortgage on the real estate not more than 45 days nor less than 30 days before the foreclosing date of the tax lien mortgage, in a writing signed by the treasurer or bearing the treasurer's facsimile signature and left at the holder's last and usual place of abode or sent by certified mail, return receipt requested, to the holder's last known address of the impending automatic foreclosure and indicating the exact date of foreclosure. For sending this notice, the municipality is entitled to receive $3 plus all certified mail, return receipt

requested, fees. These costs may be added to and become a part of the tax. If notice is not given in the time period specified in this section to the party named on the tax lien mortgage or to any record holder of a mortgage, the person not receiving timely notice may redeem the tax lien mortgage until 30 days after the treasurer does provide notice in the manner specified in this section.

I will assume that the Legislature intended that certified mail to the last known address would be sufficient to notify either the tax payer or a mortgage holder that taxes needed to be promptly paid or the property would be lost. Regardless of whether that final notice was received, the affidavit of Paula Simpson, who worked for the Town of Sanford, established that it was sent. That is all that is required particularly in a case where a deliberate decision was made to not pay taxes. The defendant shall record this order and decision and pay the recording fee. As the foreclosure procedures were properly followed, the entry is:

Judgment for the defendant. Title to the real estate described in Sanford Tax Map R18A, Lot 20B and Book 5236, Page 125 is in the Town of Sanford.

Dated:  September 18, 2001

Paul A. Fritzsche
Justice, Superior Court

The appeal has expired without action or final judgment has been entered after remand following appeal.

Dated: _____

Clerk, Superior Court

Thomas Danylik, Esq. - PLS
William H. Dale, Esq. - DEF

5