STATE OF MAINE                                         SUPERIOR COURT
CUMBERLAND, SS                                         CIVIL ACTION
                                                       DOCKET NO. CV-05-712



TOWN OF FRYE ISLAND,

      Plaintiff

      v.                                          **DECISION AND JUDGMENT**

STATE OF MAINE,

      Defendant

and

MAINE SCHOOL ADMINISTRATIVE                           ᴰᴼNALD L. GARBRECHᵀ
DISTRICT NUMBER 6,                                    LAW LIBRARY

      Intervenor                                 SEP 07 2007

## I. NATURE OF CASE

The town of Frye Island (Town) filed a complaint seeking judgment that legislation approved in the Private and Special Laws of 2001, c. 8, § 8 (hereinafter referred to as L.D. 500) [1] and P.L. 2005, c. 2, § D-69 (hereinafter referred to L.D. 1, § D-69) [2] is unconstitutional. The town also seeks an award of attorney's fees and costs.

---

[1] Sec. 1, P&SL 1997, c. 41, Pt. A, § 8 is amended to read:
    **8. Educational needs.** If the Town of Frye Island is incorporated and separated from the Town of Standish, it remains in School Administrative District 6 or its successor and pays its proportional share of costs, ~~unless or until such time as it withdraws from the school administrative district in accordance with applicable state law.~~ School transportation services must be provided as follows . . . .

No children from Frye Island attend school within MSAD 6, therefore, the remaining part of section 8 regarding transportation is not relevant to this case.

In their briefs and memoranda the parties referred to this legislation as L.D. 500. To avoid confusion, the court will do so as well.

[2] **Sec. D-69. Method of cost sharing; exception.** Beginning in fiscal year 2006-06, the provisions of the Maine Revised Statutes, Title 20-A, section 15688, subsection 2 do not apply in determining the local cost of education of member municipalities in Mine school Administrative

The intervenor, Maine School Administrative District Number 6 (MSAD 6) has counterclaimed for judgment that L.D. 500 and section D-69 of L.D. 1 are constitutional, or on the alternative, for the court to fashion a remedy allowing the school district to collect the full amount of funding necessary for the school years 2005 – 06 and 2006 – 07.

## II. PROCEDURAL HISTORY AND BACKGROUND

This legislation prevented Frye Island from withdrawing from MSAD 6. After the State of Maine answered, MSAD 6 motioned for permission to intervene and filed an answer and counterclaim. MSAD 6's motion to intervene was granted over the Town's opposition. The Town, State and MSAD 6 subsequently filed an agreed statement of facts with attached exhibits and a joint motion to submit the action for the court to render judgment based on the stipulated facts and briefs submitted by the parties. All parties then filed motions for judgment along with supporting memoranda.

The facts submitted by both parties in an agreed statement are as follows:

1. From the first Monday in November to the last Friday of April, Frye Island shuts down.

2. Prior to 1997, Frye Island was part of the Town of Standish and SAD 6.

3. In 1997, a bill was introduced in the Maine Legislature allowing Frye Island to seceded from the Town of Standish and become an independent municipality.

---

districts No. 6 and 44. The cost-sharing formulas established between the member municipalities in these 2 school administrative districts prior to January 1, 2005 remain in effect until the formulas are changed pursuant to Title 20-A, section 1301, subsection 3. Pursuant to section 68, all other school administrative districts and community school districts whose cost-sharing formulas were established in accordance with Title 20-A, sections 1301 and 1704, respectively, remain subject to a phase-in approach to achieve the requirements of Title 20-A, section 15688, subsection 2 and must reach full implementatin of this provision no later than fiscal year 2008-2009.

In their briefs and memoranda the parties referred to this legislation as L.D. 1, § D-69. To avoid confusion, the court will do so as well.

2

4. Frye Island and Standish memorialized an agreement concerning the withdrawal of Frye Island.

5. Frye Island seceded on July 1, 1998.

6. Frye Island sends no students to school.

7. In 2000, Frye Island voted to withdraw from SAD 6.

8. In April 2001, the 120th Legislature enacted emergency legislation, L.D. 500 (P. & S.L. 2001 c. 8), effective April 11, 2001, providing that the Town could not withdraw from SAD 6 without legislative approval.

9. In April 2004, the 121st Legislature enacted "An Act to Reduce the Cost of Local Government Through Increased State Education Funding and Provide Property Tax Relief," L.D. 1924 (P.L. 2003, c. 712).

10. Under that plan, Frye Island's "local cost share expectation" would be lowered to zero dollars.

11. In January 2006, in the 122nd Legislature, an amendment was submitted to an emergency finance bill, L.D. 1 carving out an exception for SADs 6 and 44 with respect to the cost-sharing formula passed in the April 2004.

The State objected to the plaintiff's attempt to supplement the agreed upon record by attaching two newspaper articles to its brief. These articles will not be considered by the court as a part of the record because they were not included in the agreed upon record. The plaintiff also attached a portion of a treatise, Drummond, Woodsum & MacMahon's *Maine School Law*, which is considered as a treatise by the court, but not as a source of fact.

## III. DISCUSSION

### A. Standard of Review

The Law Court has recognized that education is an important function of local and state governments. See *School Admin. Dist. No. 1 v. Commissioner, Dep't of Educ.*, 659 A.2d 854, 858 (Me. 1995). Acts of the legislature enjoy a presumption of constitutionality and the burden of proof rests with a party challenging the

3

constitutionality of legislation. *Maine Beer & Wine Wholesalers Ass'n v. State*, 619 A.2d 94, 97 (Me. 1993). "This presumption, however, is not absolute; legislation which violates an express mandate of the constitution is invalid even though it is expedient or is otherwise in the public interest." *Id.* A party must make a "clear showing by 'strong and convincing reasons' that [legislation] conflicts with the Constitution." *McBreairty v. Commissioner of Admin. & Fin. Servs.*, 663 A.2d 50, 52 (Me. 1995) (citations omitted).

## B. Equal Protection

Under the Constitutions of both the State of Maine and the United States, no person may be denied equal protection of the laws. U.S. Const. amend. XIV, § 1; Me. Const. art. I, §6-A. The Equal Protection Clause requires all persons similarly situated to be treated alike. *Bagley, et al v. Raymond School Dept, et al.*, 1999 ME 60, ¶ 23; 728 A.2d 127, 136. When challenged legislation infringes on a fundamental right or inherently suspect classification, it is subject to strict scrutiny. *Id.* at ¶ 27, 137. If a challenged statute does not involve either a fundamental right or a suspect class, 'different treatment accorded to similarly situated persons need only be rationally related to a legitimate state interest.'" *Id.* at ¶ 28, 137 (internal citations omitted). When reviewed under rational basis review, a statute bears a strong presumption of validity. *Id.* "Before the court can find an equal protection violation, it must at least have some indication that there exist similarly situated persons who have not been treated equally." *Brann v. State*, 424 A.2d 699, 703 (Me. 1991).

"Towns [and cities] are mere agencies of the State. They are purely creatures of the Legislature and their powers and duties are within its control . . . . [That control] is absolute and all embracing except as expressly or by necessary implication limited by the Constitution." *S. Portland v. State*, 476 A.2d 690, 693 (Me. 1984). "Being a creature of

4

statute, [a city or town has] only such powers as [are] conferred by statute expressly or by necessary implication." *Id.* citing *Phillips Village Corp. v. Phillips Water Co.*, 104 Me. 103, 106, 71 A. 474, 475 (1908). The legislature has authority to create quasi-municipal corporations for education purposes . *McGart, et al. v. Barrows, et al.*, 163 A.2d 747, 752 (1960). "Formation of a School Administrative District to popular vote in municipalities" is not constitutionally required. *Id.* at 754.

## C. L.D. 500 (P. & S.L., 2001, c. 8)

Frye Island has asserted that is had been singled out in legislation for disfavorable treatment. In bringing its claim for equal protection, Frye Island has failed to indicate other similarly situated towns that have been treated differently. Frye Island shuts down from the first Monday in November until the last Friday in April. The island is essentially closed for business during most of the regular school year. The island sends no students to school within M.SAD 6. Given the unique nature of Frye Island, the court is unaware of another town that is similarly situated and none has been identified by the parties. Also, there is no evidence on the record demonstrating how the legislature has treated other towns attempting to withdraw from school administrative districts. Therefore, a challenge under the equal protection cannot be sustained.

The plaintiff asserts that L.D. 500 infringes upon its Constitutional right to petition. The Constitutions of the United States and the State of Maine protect an individual's right to "petition the government for a redress of grievances." U.S. Const. amend. I; Me. Const. art. I, §15. The right to petition includes "the right of people to inform their representatives in government of their desires." *Eastern RR. Pres. Conf., et al. v. Noerr Motor Freight, Inc., et al.*, 365 U.S. 127, 137 (1961). The procedure to withdraw from a school administrative district is found in 20-A M.R.S. §1405.

Here plaintiff asserts L.D. 500 impinges on its right to petition because it provided that Frye Island could not withdraw from MSAD 6 without authorization of the Legislature. However, the Town of Frye Island is a creation of the legislature. It was granted the right to separate from the Town of Standish by the legislature in 1997 and did so in 1998. The legislature, in its Bill, granted Frye Island the right to withdraw from MSAD 6 by following applicable state law. In 2001, the Legislature decided to amend Frye Island's right to succession by requiring approval from the Legislature prior to Frye Island's withdrawal from MSAD 6. Since Frye Island was created through authorization of the legislature, the legislature has the authority to amend the legislation granting Frye Island the power to succeed and remove or amend its ability to withdrawal from MSAD 6.

**D. L.D. 1, (P.L. 2005, c. 2, § D-69)**

Plaintiff argues that L.D. 1, § D-69, violated the equal protection clause by arbitrarily and irrationally excluding the towns of Frye Island and Newry from a general legislative scheme pertaining to school funding and it discriminates against non-residents. Here, the legislation in L.D. 1, § D-69, specially exempt MSAD 6 and 44 (Newry) from the cost-sharing formula set for administrative districts, which links the cost to municipalities to the number of students from each municipality in the MSAD. Since the towns and school districts are all creations of the legislature, it is well within the legislature's authority to pass legislation concerning the rights and duties of Towns and school districts. Furthermore, the legislation contains no express or applied discrimination against non-residents. Both pieces of legislation are generally applicable to all residents of Frye Island or to all residents who reside in MSADs 6 and 44.

6

## E. Special Legislation Clause

A "Special Legislation Clause is violated when special legislation is enacted when a general law could have been made applicable." *Fitanides v. City of Saco, et al.*, 2004 ME 32, ¶ 11; 843 A.2d 8, 12. "Laws that attempt to 'exempt one individual from generally applicable requirements of the law' have violated this clause." *Id.* (citing *Brann*, 424 A.2d at 704).

Here, the legislature prevented Frye Island from withdrawing from MSAD 6 without Legislative authorization in emergency legislation in L.D. 500 and exempted MSADs 6 and 44 from a cost-sharing formula in L.D. 1, § D-69. The plaintiffs fail to provide any basis explaining how either piece of legislation violated the special legislation clause. L.D. 500 concerned prior legislation allowing Frye Island to secede, it is unclear how such legislation could have been made part of a general law. The plaintiff also fails to explain how § D-69 of L.D. 1 constitutes special legislation.

## F. Equal Taxation

The plaintiff fails to argue in its brief that the legislature violated the equal taxation clause of the Maine constitution. The court deems this issue to be abandoned.

## G. Due Process

Substantive due process claims under of the Maine Constitution are analyzed using the following three-part test: (1) the object of the exercise must be to provide for the public welfare; (2) The legislative means employed must be appropriate to the achievement of the ends sought; and (3) The manner of exercising the power must not be unduly arbitrary or capricious. *State v. L.V.I. Group*, 1997 ME 25, ¶ 9; 690 A.2d 960, 964 (citations omitted). Legislation that readjusts rights and burdens does not violate the due process clause because it upsets settled expectations. *Tomkins v. Wade & Searway Const. Corp.*, 612 A.2d 874, 877 (Me. 1992). Procedural due process claims are analyzed

7

in a two-step process; first, a determination must be made "if the government action has deprived the claimant of life, liberty or property interests" and if so, the next step requires a determination of what process the claimant was due. *McNaughton, et al. v. Kelsey, et al.*, 1997 ME 182 ¶ 6, 698 A.2d 1049, 1051.

Here, plaintiff argues that both pieces of legislation were arbitrary and capricious and L.D. 500 deprived plaintiff of a vested right to withdraw from MSAD 6. As discussed above, the Town of Frye Island and MSAD 6 are created by the legislature and may be altered at the legislature's will. The plaintiff fails to demonstrate how or why the legislation is arbitrary or capricious. Also, the right to withdraw from MSAD 6 was never a vested right subject to due process protection.

## H. Contracts Clause

"The threshold inquiry when analyzing a contract clause claim is whether the legislation resulted in a 'substantial impairment of a contractual relationship.'" *Kittery Retail Ventures, LLC v. Town of Kittery*, 2004 ME 65 ¶ 38; 856 A.2d 1183, 1194 (citations omitted). The three-part analysis for contract clause violations requires a determination of (1) whether a contractual relationship exists, (2) whether the contractual relationship is impaired by a change in the law and (3) whether the impairment is substantial. *Id.* at ¶ 38 and 1195.

Here, the plaintiff alleges a contract clause violation arising from the memorandum of understanding reached between Frye Island and the Town of Standish prior to Frye Island's secession. The plaintiff attempts to construe the memorandum of understanding as a contract, however, the secession took place as a result of an act of the legislature, not as a result of the memorandum of understanding. Such, memorandum was not a bargained for exchange of rights, because the Towns were not free to separate and the Town of Standish did not have the power to give Frye Island

8

the power to secede from SAD 6, only the legislature had that authority. As a result, the memorandum of understanding did not create a contractual relationship between the Town of Standish and Frye Island.

## I. *Ex Post Facto* Laws

The *ex post facto* clause is not implicated by civil legislation. *State v. Haskell,* 2001 ME 154, ¶ 7; 784 A.2d 4, 8. Since, both L.D. 500 and L.D. 1, §D-69 are civil in nature, the *ex post facto* clause does not apply.

## J. Emergency Clause

When analyzing a claim that legislation violates the emergency clause, the court may consider whether the facts expressed by the legislature can constitute an emergency; however, whether facts constituting an emergency actually exist is a question of fact within the province of the legislature. *Verrill v. State,* 1997 ME 82 ¶ 5; 693 A.2d 336, 339. Substantial deference is granted to the legislature. *Id.*

L.D. 500 expresses that "resolution is needed prior to June 30, 2001 of the issue of membership of School Administrative District 6." The legislature than states that emergency legislation was required. The withdrawal of Frye Island from MSAD 6 could constitute an emergency. The legislature determined that it was an emergency and acted to prevent the withdrawal. The court cannot determine that the was no emergency and the court cannot state that as a matter of law Frye Island's withdrawal from MSAD 6 could not constitute an emergency.

With its argument that L.D. 500 violated the emergency clause, the plaintiff asserts that the legislation violates the right of municipal home rule; however, since withdrawal from school administrative districts is not within home rule authority it is unclear how this is the case.

9

## IV. DECISION AND JUDGMENT

The clerk will make the following entry as the Decision and Judgment of the court:

- For the reasons stated herein, the court declares that P. & S.L., 2001, c. 8 (L.D. 500) and P.L. 2005, c. 2, § D-69 (L.D. 1), § 69 are constitutional.

- Judgment for defendant State of Maine and Maine School Administrative District Number 6.

- No costs or attorneys' fees are awarded.

SO ORDERED.

June __28__, 2007

Thomas E. Delahanty II
Justice, Superior Court

10

< OF COURTS
ɔerland County
O. Box 287
Maine 04112-0287

LEONARD LANGER ESQ
MARSHALL TINKLE ESQ
TOMPKINS CLOUGH HIRSHON & LANGER
PO BOX 15060
PORTLAND ME 04112-5060

 JF COURTS
land County
Box 287
ɩine 04112-0287

MELISSA HEWEY ESQ
PETER FELMLY ESQ
DRUMMOND WOODSUM & MACMAHON
PO BOX 9781
PORTLAND ME 04104

OF COURTS
ɩrland County
. Box 287
laine 04112-0287

SARAH FORSTER AAG
DEPARTMENT OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006