2008 ME 33

**STATE of Maine**

v.

**Christopher N. BILYNSKY.**

Supreme Judicial Court of Maine.

Argued: Jan. 16, 2008.
Decided: Feb. 28, 2008.

Justin W. Andrus, Esq. (orally), Bath, ME, for Christopher Bilynsky.

Goeffrey Rushlau, Dist. Atty., Patricia A. Mador, Asst. Dist. Atty. (orally), Bath, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Christopher N. Bilynsky appeals from a judgment of the Superior Court (Sagadahoc County, *Delahanty, J.*) denying his motion to withdraw his nolo contendere plea, entered pursuant to a conditional plea agreement, and vacate his sentence. Bilynsky argues that: (1) the court erred by denying his motion; (2) M.R.Crim. P. 32(d), pursuant to which the court denied his motion to withdraw his plea, is unconstitutional; and (3) the court erred by ruling on his motion without first holding a hearing. We affirm the Superior Court's judgment.

[¶ 2] We review both a denial of a motion to vacate a sentence and a denial of a motion to withdraw a plea for abuse of discretion. *See State v. Lambert,* 2001 ME 113, ¶ 5, 775 A.2d 1140, 1142; *State v. Campbell,* 540 A.2d 474, 475 (Me.1988).

[¶ 3] Bilynsky makes two arguments with respect to the court's denial of his motion to vacate his sentence. First, he contends that he did not receive the pre-sentence detention time he claims was an inducement under the plea agreement and, therefore, that his M.R.Crim. P. 35 motion to vacate his sentence should have been granted. We have stated that a challenge to an award of pre-sentence detention credit is beyond the scope of Rule 35 and is only properly made through post-conviction proceedings. *State v. Crawford,* 2002 ME 113, ¶ 6, 801 A.2d 1002, 1004. For this reason, we find that the court did not abuse its discretion in denying Bilynsky's Rule 35 motion with respect to his pre-sentence detention credit challenge.

[¶ 4] Second, Bilynsky argues that the return of certain items of personal

property was an inducement to enter his plea, and that, because the State allegedly failed to return these items, the Superior Court should have vacated his sentence as illegal or illegally imposed, pursuant to M.R.Crim. P. 35(a), or based on a mistake of fact, pursuant to M.R.Crim. P. 35(c). The record shows that, although the return of Bilynsky's property was discussed at the Rule 11 and sentencing hearing, it was not a requirement under the plea agreement. Therefore, we find that this issue provides no basis for vacating Bilynsky's sentence and that the court did not abuse its discretion in denying the Rule 35 motion.

[¶ 5] Bilynsky also argues that the court improperly denied the motion to withdraw his plea, which he made after his sentence was imposed. M.R.Crim. P. 32(d) provides that "[a] motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed." Bilynsky argues that Rule 32(d) is unconstitutional under the "open courts" and the due process provisions of the Maine Constitution. *See* Me. Const, art. I §§ 6–A, 19. This is an issue of law, which we review de novo. *See State v. Johnson,* 2006 ME 35, ¶ 9, 894 A.2d 489, 491–92 (stating that we review issues of law de novo).

[¶ 6] The "open courts" provision requires that "the courts must be accessible to all persons alike without discrimination, at times and places designated for their sitting, and afford a speedy remedy for every wrong recognized by law as remediable in a court." *Me. Med. Ctr. v. Cote,* 577 A.2d 1173, 1176 (Me.1990). We find that Rule 32(d) does not create an unreasonable obstacle to redress because a remedy is still available to a defendant with a valid post-conviction challenge and, therefore, that it does not violate the "open courts" provision. *See* 15 M.R.S. § 2124 (2007).

[¶ 7] When the State acts to deprive a person of life, liberty, or property, basic due process requirements include "an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right" at stake. *McNaughton v. Kelsey,* 1997 ME 182, ¶ 6, 698 A.2d 1049, 1052 (quotation marks omitted). Even though M.R.Crim. P. 32(d) does not provide an opportunity for a movant to be heard on a motion to withdraw a plea after a sentence is imposed, post-conviction proceedings are still available and afford due process of law. For this reason, we find that M.R.Crim. P. 32(d) does not violate the due process clause of the Maine Constitution.

[¶ 8] Based on our finding that Rule 32(d) is constitutional, we further find that the court did not abuse its discretion in denying Bilynsky's motion to withdraw his plea pursuant to this Rule.

[¶ 9] Finally, Bilynsky argues that M.R.Crim. P. 35(e) requires the court to hold a hearing on a motion to vacate a sentence. Rule 35(e) provides that "the court shall conduct a hearing" upon a motion made pursuant to Rule 35(a) or (c). The Superior Court determined that, although Bilynsky's motion cited Rule 35(c), it did not actually present Rule 35(a) or (c) issues and, therefore, it declined to hold a hearing. We conclude, under these circumstances, that the court did not err in deciding not to hold a hearing. When a rule that triggers a hearing requirement is not actually applicable, simply referencing that rule does not and cannot impose on a court an obligation to hold a hearing.

The entry is:

Judgment affirmed.