2009 ME 121

**STATE of Maine**

v.

**Christopher N. BILYNSKY.**

Supreme Judicial Court of Maine.

Argued: Oct. 30, 2009.

Decided: Dec. 10, 2009.

Justin Andrus, Esq. (orally), Brunswick, ME, for Christopher N. Bilynsky.

Geoffrey A. Rushlau, District Attorney, Patricia A. Mador, Asst. Dist. Atty. (orally), Bath, ME, for The State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶ 1] Christopher N. Bilynsky appeals from a judgment of the Superior Court (Sagadahoc County, *Delahanty, J.*) denying Bilynsky's motion to hold the State in contempt for its failure to return certain property seized in a search and to provide him with an inventory listing the property. Because the State returned Bilynsky's belongings to him while this appeal was pending, we dismiss the appeal as moot.

## I. BACKGROUND

[¶ 2] Bilynsky was arrested in October 2004 and was subsequently indicted on two counts of aggravated trafficking of scheduled drugs (Class A), 17–A M.R.S. § 1105–A(1)(B)(1) (2008); criminal conspiracy (Class B), 17–A M.R.S. § 151(1)(B) (2008); and unlawful possession of scheduled drugs (Class B), 17–A M.R.S. § 1107–A(1)(B)(3) (2008). At the time of his arrest, law enforcement officers seized numerous items from his methamphetamine laboratory, including a watch, 410 pages of documents and writings, and a yellow legal pad.

[¶ 3] In May 2006, Bilynsky conditionally pleaded nolo contendere to one count of conspiracy to traffic in scheduled drugs (Class B), 17–A M.R.S. § 151 (2008), as part of a plea agreement with the State. At the time of the plea, Bilynsky asked for the return of "[the] watch and paperwork." The assistant district attorney agreed to review the evidentiary value of these items within ten days, and to return them to Bilynsky if they were not needed in post-conviction proceedings.

[¶ 4] Shortly after his plea was entered, in June 2006, Bilynsky filed his first appeal. *See State v. Bilynsky,* 2007 ME 107, 932 A.2d 1169. Bilynsky challenged

the Superior Court's denial of his motion to suppress, his motion for a Franks hearing, and his motion to dismiss the charges against him due to the State's destruction of evidence. *See id.* ¶¶ 4, 5, 6, 932 A.2d at 1171. We affirmed the Superior Court's denial of the motions. *See id.* ¶ 42, 932 A.2d at 1178. Bilynsky filed a motion to vacate his sentence and a motion to withdraw his plea, which the Superior Court denied. We affirmed the judgment in January 2008. *See State v. Bilynsky*, 2008 ME 33, ¶ 9, 942 A.2d 1234, 1236. Bilynsky argued that the plea was illegally imposed or based on a mistake of fact because he agreed to the plea on the condition that the State return his personal items and this condition was never fulfilled. *See id.* ¶ 4, 942 A.2d at 1235–36. We rejected the argument. *See id.* ¶¶ 4, 9, 942 A.2d at 1235–36.

[¶ 5] Bilynsky then filed a motion for contempt of court in November 2008 based on the State's failure to return the items he had requested and its alleged failure to provide an inventory of which belongings it possessed. As a sanction for contempt of court, Bilynsky again requested permission to withdraw his plea of nolo contendere. The State acknowledged at the hearing that it had not returned the items, but argued that the watch could not be returned until the State confirmed that it carried no residue from the methamphetamine laboratory, and that the papers could not be returned due to their evidentiary value in post-conviction proceedings.

[¶ 6] The court found that the State was still in possession of some of Bilynsky's property, but that Bilynsky had failed to prove by clear and convincing evidence that the conduct of the State was contemptuous. As a result, it did not impose any sanctions, but it did order the State to: (1) return Bilynsky's watch to him within fourteen days of the hearing, unless it filed an affidavit indicating that the watch was contaminated from the methamphetamine laboratory; (2) inspect all of Bilynsky's documents, including the yellow legal pad, to determine whether they had any evidentiary value; and (3) provide an index and description of the documents to the court and to Bilynsky. Bilynsky appeals the order. While the appeal was pending, the State returned Bilynsky's belongings to him.

## II. DISCUSSION

[¶ 7] Compliance with an order, even after a motion for contempt of court has been filed, may be found to have purged any potential contempt and to have mooted the issue. *See Justice v. Martig*, 570 A.2d 1211, 1212 (Me.1990). When the State returned Bilynsky's belongings, his contempt motion became moot.

[¶ 8] Although we do not reach the merits of Bilynsky's arguments on appeal, we note that we have previously rejected his request to withdraw his plea. *See Bilynsky*, 2008 ME 33, ¶ 4, 942 A.2d at 1235–36. His conditional plea is not subject to further collateral attack by way of a contempt of court motion. Additionally, to the extent that Bilynsky claims he is entitled to contempt relief for the State's failure to provide him with an inventory, there was no finding by the trial court in its most recent order that the State had failed to provide an inventory.

The entry is:

Appeal dismissed.